## ALBRECHT ET AL. *v.* UNITED STATES.

NO. 148.

Argued January 8, 1947.—Decided February 3, 1947.

*Richmond C. Coburn* and *Samuel M. Watson* argued the cause for petitioners. With them on the brief were *George Eigel, William L. Igoe* and *William H. Allen. Roscoe Anderson* filed a brief for petitioner in No. 149.

*Roger P. Marquis* argued the cause for the United States. With him on the brief were *Acting Solicitor General Washington, Assistant Attorney General Bazelon* and *Wilma C. Martin.*

MR. JUSTICE BLACK delivered the opinion of the Court.

The question here is whether the Government is obligated to pay interest in connection with the following land-purchase arrangements and condemnation proceedings. The Government made separate contracts with the petitioners to buy certain lands from them to be used for a public purpose. The contracts stipulated a purchase price to be paid at an indefinite future time when certain conditions had been fulfilled.[1] They also granted the Government the right to immediate possession. Later the Government questioned the validity of the contracts and attempted to rescind them on the ground that by reason of fraud and other things the contract prices were grossly excessive and represented far more than the "just compensation" required by the Fifth Amendment. It filed condemnation proceedings in District Courts under 40 Stat. 241, as amended, 50 U. S. C. § 171, asking the Courts to fix "just compensation" after hearing evidence on that subject. It also filed a declaration of taking under 46

---

[1] The first contract condition as to payment was that it should be made upon conveyance of a good and merchantable title. The second was that if "for any reason" the Attorney General did not approve the title, the Government could obtain a good title by condemnation proceedings in an appropriate district court, in which event the agreed compensation was to be deposited in court.

Stat. 1421, 40 U. S. C. § 258a, at the same time depositing in the Courts sums of money, substantially less than the contract prices, which it estimated to be the true "just compensation" for the property taken. The Courts then entered orders divesting the property owners of all title and vesting it in the Government. A companion case in which a District Court held an identical contract valid was appealed and eventually reached this Court. Prior to and pending this appeal these petitioners vigorously asserted the validity of the terms of the contracts which fixed the agreed prices for transfer of possession and title to their properties. Several years later this Court upheld the validity of the identical contract in the companion case.[2] Thereupon the Government, complying with that decision, paid the full contract purchase prices into the District Courts. It prayed that the landowners' compensation be fixed as the contract price without interest. Petitioners asserted that they had a right to interest from the time of the "taking," guaranteed by the Fifth Amendment's provision for "just compensation." The Government contended that the "just compensation" provision was not applicable, and that petitioners had no right to interest because their purchase contracts did not provide for it. One District Court decided this question in favor of the Government, 60 F. Supp. 741, but two decided against it. 61 F. Supp. 199.[3] The Circuit Court of Ap-

---

[2] *Muschany* v. *United States*, 324 U. S. 49.

[3] Some of the petitioners claimed interest from the date the Government took possession of the lands under the contract to the date the Government deposited the full contract price. One petitioner claimed interest only from the date of the filing of the declaration of taking on the difference on that date between the sum the Government deposited as the estimated "just compensation" and the full contract price finally deposited. Interest was awarded by the two District Courts on this latter theory only from the date of the declaration of taking.

peals held for the Government. 155 F. 2d 73, 77. In a case involving somewhat similar facts, *United States* v. *Baugh,* 149 F. 2d 190, the Circuit Court of Appeals for the Fifth Circuit had decided against the Government. Because of the apparent conflict presented and because the question is of widespread importance, we granted certiorari. The facts and issues, so far as we deem them relevant to disposition of all the cases, are identical, and so we consider all of them together.

We agree with the Circuit Court of Appeals that the Government is not obligated to pay interest in these cases. It is true that in cases submitted to them for determination of "just compensation," courts have evolved a rule whereby an element of compensation designated as interest is sometimes allowed. Under this rule, and in the absence of an agreement of the parties fixing compensation, courts first fix the fair market value of property as of the time it is taken. The property owner, against whom there is no counterclaim, is always entitled to payment of this much. But where payment of that fair market value is deferred, it has been held that something more than fair market value is required to make the property owner whole, to afford him "just compensation." This additional element of compensation has been measured in terms of reasonable interest. Thus, "just compensation" in the constitutional sense has been held, absent a settlement between the parties, to be fair market value at the time of taking plus "interest" from that date to the date of payment.[4]

But the method used by courts to determine "just compensation" in an adversary proceeding where the parties

---

[4] *Seaboard Air Line* v. *United States,* 261 U. S. 299, 306; *Shoshone Tribe* v. *United States,* 299 U. S. 476, 496, 497; *Jacobs* v. *United States,* 290 U. S. 13, 16–17; *United States* v. *Klamath Indians,* 304 U. S. 119, 123.

have failed previously to agree on its amount is not the exclusive method for determining that question. The Fifth Amendment does not prohibit landowners and the Government from agreeing between themselves as to what is just compensation for property taken. See *Danforth* v. *United States*, 308 U. S. 271. Nor does it bar them from embodying that agreement in a contract, as was done here. And certainly where a party to such a contract stands upon its terms to enforce them for his own advantage, he cannot at the same time successfully disavow those terms so far as he conceives them to be to his disadvantage. That is precisely the position of the petitioners here. They made contracts for the transfer and possession of lands at prices concerning which they have never complained. At the end of prolonged litigation, the Government was barred from showing that compensations fixed by the contracts were not just, but were excessive. Having thus bound the Government to the contract prices as the measure of "just compensation," which prices, to say the least, generously meet the Fifth Amendment's "just compensation" requirement, they now seek to escape the burdens of these identical contract provisions. They invoke the Fifth Amendment in pursuit of something more than the compensation for which their contracts provide—contracts which they are not willing to abandon.

The answer to their contention is that in this posture of the cases these transactions have passed out of the range of the Fifth Amendment. For the reasoning on which interest is added to value as a part of "just compensation" in court condemnation proceedings is not applicable to this situation. That reasoning is that when a court determines just compensation, it first fixes bare value at the time of the taking and adds a sum to compensate for deferred payment of bare value so as to make the property owner whole as required by the Fifth Amendment. We

do not think this formula fits contractual arrangements for compensation. Exactly what factors the parties consider, in addition to bare value, cannot easily be ascertained. This very group of transactions illustrates that there may be many such additional factors. For example, all the contracts here provided for immediate Government possession, though none contemplated immediate payments. We cannot know what amounts were added in the bargains to the bare market values as estimated, though unarticulated, allowances for the anticipated delays in payment. And other factors, which need not be enumerated, entered into the contract prices. These things demonstrate the inadvisability of applying a constitutional rule as to interest, specially designed to enable courts to calculate "just compensation," to an entirely different situation in which parties, supposedly with due regard to their own interests, bargain between themselves as to compensation. Since these petitioners have chosen to stand on their contract terms as to the amount they will receive for their property, rather than to have "just compensation," in the constitutional sense, fixed by the courts, we must look to those terms for the measure of their compensation, including their right to that part of compensation which courts have called interest.

We have not overlooked the contention that this conclusion is in conflict with our holding in *Danforth* v. *United States*, 308 U. S. 271. We do not think it is. That was also a case in which a statute authorized Government agents to purchase property, and a price had been agreed on prior to condemnation proceedings. But the asserted interest claim was there denied. The decision in that case reasserted the principle that interest in condemnation proceedings does not begin until there has been a taking. After noting the several incidents asserted to constitute a taking, we held that there was no interval between the

taking of the property there and payment for it. Thus the question we have considered here was neither directly involved, raised, nor given special consideration. A further incidental distinction between that case and this is that in the *Danforth* case the contract did not anticipate that the taking would precede payment.

Turning now to the right to interest under the contracts, and apart from the contention regarding the Fifth Amendment, we find that the contracts have no provision for payment of interest. No statute authorizes the payment of interest in cases like this. In the absence of specific contract or statutory provisions no interest runs against the Government even though the Government's payment for the contract purchases be delayed. See *Smyth* v. *United States,* 302 U. S. 329, 353; *United States* v. *Thayer-West Point Hotel Co.,* 329 U. S. 585, 588; *United States* v. *N. Y. Rayon Importing Co.,* 329 U. S. 654, 659–660.

There is some argument that interest should be allowed because the Declaration of Taking Act, 46 Stat. 1421, 40 U. S. C. § 258a, under which condemnation proceedings were filed, authorizes payment of interest from the date property is taken. *Cf. United States* v. *Thayer-West Point Hotel Co., supra,* p. 588. This provision, however, is no more than a statutory embodiment of the rule for determining constitutional "just compensation" in the absence of a governing contract, and what we have already said is equally applicable to the claim for interest under the statute. It contains no specific provision for interest on Government contracts of purchase. And here, while the litigation was under the condemnation statute, the petitioners' reliance on the purchase price provisions of the contracts as to value took these claims for interest outside the purview of the interest provisions of the Declaration of Taking Act, and left them to be governed by the interest rules which would have applied had suit been

brought by petitioners to enforce the contract terms. Petitioners were barred from receiving interest in any proceeding for the reason that their contracts contained no promise to pay interest.

*Affirmed.*

MR. JUSTICE REED and MR. JUSTICE DOUGLAS, dissenting.

"The stipulation merely had the effect of relieving the Government from having to make proof as to what was just compensation and of running the risk of having an amount fixed which might be unsatisfactory." *United States* v. *Baugh,* 149 F. 2d 190, 192. The landowners' "right to have interest is found in the Constitution and is neither found nor lost in the contract." *Id.,* p. 193. The justness of the claim for interest in these cases is underlined by the fact that the land was taken over four years before full payment was made. The United States renounced these contracts and retained possession of the properties by the Declaration of Taking Act, which by its terms, 46 Stat. 1421, 40 U. S. C. § 258a, entitled the condemnee to interest on the value from the date of taking except as to sums paid into court. After the decision in *Muschany* v. *United States,* 324 U. S. 49, the Government carried out its condemnation suits and obtained titles to these properties by condemnation.

In these condemnation actions the agreed price, stated in the contracts, became the "just compensation" of the Declaration of Taking Act and by that Act interest was due for such amount as had not been deposited with the trial court when the declaration was filed. Interest for the period between the declaration and the payment of the value into the trial court should be allowed on the amount by which the sum fixed in the final decree exceeded the sum deposited with the declaration of taking.