**UNITED STATES of America,
Appellant,**

v.

**TOWN OF CLARKSVILLE, VIR-
GINIA, Appellee.**

**No. 7005.**

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1955.

Decided Aug. 16, 1955.

John C. Harrington, Attorney, Dept. of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Lester S. Parsons, Jr., U. S. Atty., Norfolk, Va., Edwin J. Slipek, Asst. U. S. Atty., Richmond, Va., and John F. Cotter, Attorney, Dept. of Justice, Washington, D. C., on brief), for appellant.

Ashby B. Allen, Richmond, Va. (B. S. Royster, Jr., and Frank W. Hancock, Jr., Oxford, N. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by the United States from a judgment of the United States District Court for the Eastern District of Virginia ordering payments to the Town of Clarksville, Virginia, for the operation and maintenance of a sewage treatment plant to be constructed by the Government, as a part of compensation payments to be made to Clarksville by the Government for certain sewage and water line easements condemned by the Government for the purposes of its flood control plan in the area.

The Government contends that these expenses constitute no part of the just compensation due Clarksville. Since we agree with this contention, the judgment of the District Court must be reversed in so far as it orders payments for these purposes.

During the condemnation proceedings, the Government and Clarksville entered into a stipulation which provided that construction of substitute facilities would constitute just compensation, and further provided in part as follows:

"It is understood and agreed that the accomplishment by the Government of the work as provided in

Paragraph numbered I of this stipulation, and the conveyance by the Government to the Town of Clarksville, as provided in paragraph numbered IV of this stipulation, shall be full and just compensation for the acquisition by the Government of all of the right, title and interest of the Town of Clarksville in and to its sewer and water line easements acquired in this proceeding; * * * except as to the following items which shall be left for judicial determination: as to whether in law these are compensable items as constituting just compensation:

"(a) Cost of constructing a sewage treatment plant;

"(b) Cost of operation and maintenance of five lift stations to be constructed by the Government as provided in Paragraph numbered I hereof. * * * "

We had occasion to consider subsections (a) and (b) in a prior appeal; Town of Clarksville v. United States, 4 Cir., 198 F.2d 238, and held that the items provided for therein were compensable as part of just compensation. On remand of the case to the District Court, counsel for Clarksville for the first time contended that the Government should be required to pay a reasonable sum for the operation and maintenance not only of the five lift stations, as provided in subsection (b), but also of the sewage treatment plant specified under subsection (a). The District Court agreed with this contention and a jury awarded compensation on this basis.

■ There is much authority supporting the power of the parties to make a binding agreement as to what will constitute just compensation on condemnation. Albrecht v. United States, 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532; Muschany v. United States, 324 U.S. 49, 65 S.Ct. 442, 89 L.Ed. 744; United States v. Two Acres of Land More or Less, 7 Cir., 144 F.2d 207, certiorari dismissed, 324 U.S. 884, 65 S.Ct. 711, 89 L.Ed. 1434. Such an agreement will not be disturbed by the courts except in unusual circumstances. Such circumstances do not exist here.

Clarksville and the Government stipulated that the Government would, if it were determined to be a compensable item, construct a sewage treatment plant. Not one word appears in the stipulation that would give rise to an obligation on the Government's part to operate and maintain a sewage treatment plant, and, we think, none should be imposed.

■ Counsel for Clarksville contends that we should award compensation for operating and maintaining the sewage treatment plant on principles of equity and to prevent a manifest injustice. Assuming, *arguendo,* that such power exists, this is not a proper case for its exercise, since Clarksville has shown no equity calling for such relief. There has been no mutual mistake of fact or law, no overreaching by the Government and the bargain struck by the parties does not shock the conscience of this Court.

■ Counsel for Clarksville contends that a provision calling for the operation and maintenance of the sewage plant would have been included in the stipulation if it had been thought of. The answer to this, then, is that counsel should have thought of it. From the stipulation it is not clear that such matters were not considered, since subsection (b) quoted above specifically calls for payment of such costs relative to the five lift stations. Both sides were represented by counsel during these negotiations; we cannot now consider Clarksville's bargain as if it had been blindly made. The stipulation was entered into fairly and freely by both parties. Accordingly, the stipulation is binding and we must enforce it.

Our prior decision in this matter, Town of Clarksville v. United States, supra, has no bearing on this case. There, we decided that reasonable compensation should be paid Clarksville for the operation and maintenance of the five lift stations. The payment of such costs

was specifically called for in subsection (b) of the stipulation; we only determined that these were compensable items. In the instant case, the parties did not stipulate that such payments should be made for the sewage treatment plant, and we see no reason for going beyond this agreement.

For the reasons stated above, the District Court erred in ruling that operation and maintenance costs were to be considered in determining compensation relative to the sewage treatment plant, and that part of the judgment awarding compensation on the basis of such payments being made is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.