UNITED STATES of America, Appellant,

v.

2,974.49 ACRES OF LAND, MORE OR LESS, IN CLARENDON COUNTY, SOUTH CAROLINA, and South Carolina Public Service Authority, et al., Appellees.

No. 8618.

United States Court of Appeals Fourth Circuit.

Argued June 11, 1962.

Decided Sept. 17, 1962.

L.Ed.2d 743, rehearing denied 356 U.S. 964, 78 S.Ct. 991, 2 L.Ed.2d 1071.

19. Anderson v. United States, 9 Cir. 1956, 232 F.2d 794, 800.

642

Edmund B. Clark, Atty., Dept. of Justice (Ramsey Clark, Asst. Atty. Gen., Terrell L. Glenn, U. S. Atty., Thomas P. Simpson, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, on the brief), for appellant.

Walton J. McLeod, Jr., Waterboro, S. C. (W. D. Simpson, Moncks Corner, S. C., and Rogers & Riggs, Manning, S. C., on brief), for appellees.

Before SOPER and BRYAN, Circuit Judges, and LARKINS, District Judge.

LARKINS, District Judge.

On March 29, 1956 the South Carolina Public Service Authority (hereinafter referred to as the Authority) granted to the United States of America (hereinafter referred to as United States) a three-month option to purchase for the price of $105,000. approximately 3,000 acres of land in Clarendon County, South Carolina, for and on behalf of the Santee National Wildlife Refuge Project. No time limit for performance of the contract, if the option were accepted, was set forth in the option contract. On October 26, 1956 the option was extended to January 29, 1957 and the United States exercised the option in writing on December 21, 1956.

No further correspondence ensued between the parties until January 20, 1958 when the Authority advised the United States that it considered the delay of more than one year in making payment to be unreasonable and declared the option to be terminated. The United States replied on January 28, 1958 that it would complete acquisition. On May 6, 1958 the Authority stated that it definitely would not convey the property pursuant to the option contract.

On November 15, 1958 the United States filed a complaint in condemnation and a Declaration of Taking and deposited with the court, the sum of $105,000. as estimated compensation. An order for immediate possession was entered on February 13, 1959. In the complaint reference was made to the option agreement wherein the parties had agreed upon a purchase price of $105,000.

The Authority's motion for summary judgment to dismiss the complaint and vacate the Declaration of Taking was denied.

The United States then moved for judgment on the pleadings and the district court denied the motion while deciding that a question of fact to be determined by a jury existed as to whether the United States had complied with its obligations under the option contract.

In October 1961, trial was held upon the sole issue of whether the United States had complied with the terms of the option contract to perform its obligations within a reasonable time. The jury returned as its verdict, that the delay of the United States in meeting its obligations under the option contract was unreasonable. The district court thereupon entered an order dismissing the complaint, vacating the Declaration of Taking and vacating the order for immediate possession with the comment that the jury verdict rendered the option contract invalid, and inasmuch as the option contract was inseparably involved in the pleadings and issues in this action, the action could not continue without defendant suffering grave prejudice.

█ The district court was not in error in submitting to the jury the issue of whether the United States' delay in fulfilling its obligations under the option contract was reasonable. The complaint specifically set forth the option contract as the basis of the price ($105,000.) alleged to be just compensation for the taking of the Authority's property. This fact coupled with the apparent lethargy on the part of the United States to carry out its obligations under the option contract between December 26, 1956 and May 6, 1958 was sufficient basis for determining that a question of fact existed as to whether the United States had acted within a reasonable time under the option contract and that said question was sufficiently pertinent to this action to be submitted to a jury.

█ In refusing the Authority's motion for a summary judgment and in submitting to the jury the question whether the United States had acted within a reasonable time the Judge followed the established procedure. The rule is that the vendor in a contract for the sale of land in which the time for carrying out the contract is not specified, cannot put an end to the contract without notice to the vendee of his intention to do so and affording the vendee a reasonable time to carry out his contract obligations. See United States v. Stott et ux, 140 F.2d 941 (8th Cir., 1944). The Judge was also correct in instructing the jury that, in the determination of what constitutes a reasonable time within which the vendee must act after notice of rescission, the nature of the subject matter, the object of the contract and the situation and conduct of the parties and all other circumstances should be taken into consideration. What is a reasonable time must be computed from the receipt of the notice of rescission, but in considering this question all the circumstances should be taken into consideration, including those which occurred prior to the time when the notice of rescission was received.

The district court determined in its Opinion and Order of July 29, 1960 that this condemnation was duly authorized by federal statutes. Nevertheless, the district court in its order of October 30, 1961 dismissed the condemnation proceeding upon the grounds that the option contract, found to be invalid by the jury, was so intertwined in the condemnation complaint and the exhibits attached thereto that to leave the complaint stand would be prejudicial to the defendant whenever the question of just compensation was considered. The district court went one step further and stated that even an amended complaint would be inadequate to prevent the defendant suffering prejudice.

██ We think that in this action the court went too far. Once it had determined that the condemnation was authorized by statute and that the statutory requirements had been complied with the court was without power to dismiss the condemnation proceedings and Declaration of Taking. United States v. Hayes et al., 172 F.2d 677 (9th Cir., 1949). The court should have permitted

the Government to amend the pleadings so as to eliminate reference to the agreement of option and to permit the proceeding to go on on the basis of the Government's general power of eminent domain. We think, however, that the option contract may be considered in the trial of the condemnation case which will take place upon the remand and that at this trial the Government may offer the option contract in proof of the value of the property condemned. Since the option here is between the condemnor and the condemnee, the date of the execution of the option and the extension thereof by the Authority was not too remote in time as to preclude the admissibility of the option and the option price as having some probative effect of the value two years later when the formal condemnation proceedings were filed. The jury, however, should be specifically instructed that they should ascertain the value of the property as of November 15, 1958 when the condemnation proceeding and the Declaration of Taking were filed and the money was paid into court; and they should be further instructed that they are not bound by the purchase price agreed upon on March 29, 1956 and extended by the subsequent agreement of October 26, 1956 but that they should consider the agreement as evidence of the value of the property on those dates together with any evidence that may be offered of a change in valuation between the date on which the agreement was made and the date when the condemnation procceding was filed.

The Order entered in this action by the district court on October 30, 1961 dismissing the complaint, vacating the Declaration of Taking and vacating the order for immediate possession is hereby reversed and the proceeding remanded to the district Court with instructions to permit the amendment of the complaint of condemnation and to permit the proceeding in condemnation to proceed in the manner hereinbefore outlined so as to determine the issue of just compensation.

Affirmed in part and reversed in part. Case remanded for proceedings in accord with this opinion.