UNITED STATES of America upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, Plaintiff

v.

An EASEMENT AND RIGHT-OF-WAY OVER CERTAIN LAND CONTAINING 1.3 ACRES, MORE OR LESS, IN HAWKINS COUNTY, TENNESSEE, Oliver Tunnell et ux., Defendants.

Civ. A. No. 1789.

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 17, 1964.

Charles J. McCarthy, Gen. Counsel, TVA, Thomas A. Pedersen, Asst. Gen. Counsel, TVA, Raul T. Dunn and A. Roy Lavik, TVA, Knoxville, Tenn., for plaintiff.

NEESE, District Judge.

The landowners, Oliver Tunnell and his wife, Edna Tunnell, granted the relator Tennessee Valley Authority an option to purchase a certain easement right over their land for $100.00. It was

agreed that if the contemplated condemnation proceedings were instituted, this price would " * * * be treated as full and complete compensation for said easement and right-of-way. * * * " Within 90 days the relator exercised its option, but the landowners refused to execute the documents. This proceeding was commenced several months after the execution of the option. The landowners filed no answer. The relator has now moved for a summary judgment, as the issue of just compensation has been settled by agreement of the parties. The landowners have not responded to that motion.

The effect of the foregoing option agreement of the parties was to fix the value of the easement taken by the relator if and when the authority of this Court were invoked against a party to the agreement to acquire good title. Danforth v. United States (1939), 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240, 245, cited in Albrecht v. United States (1946), 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532. The relator's notice of its acceptance of the option converted it into a bilateral contract binding on all parties to it, and the parties agreed that the contract would be binding in this condemnation proceeding. Cf. Wachovia Bank & Trust Co. v. United States, C.C.A.4th (1938), 98 F.2d 609, 612 [5-6]. Consequently, there is no occasion for this Court to determine whether the valuation measured by just compensation varies from the agreed price. Muschany v. United States (1945), 324 U.S. 49, 65 S.Ct. 442, 89 L.Ed. 744.

There being no other genuine issue as to any material fact, the plaintiff is entitled to a judgment as to just compensation as a matter of law. Therefore, the motion of the relator Tennessee Valley Authority of November 5, 1964 for a summary judgment, hereby is

Granted.