UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

An EASEMENT AND RIGHT-OF-WAY OVER CERTAIN LAND CONTAINING 2.2 ACRES, MORE OR LESS, IN WASHINGTON COUNTY, TENNESSEE.

Byron W. Frizzell and Lucille Frizzell, his wife, Defendants.

Civ. A. No. 1864.

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 6, 1966.

---

Thomas A. Pedersen, Asst. General Counsel for TVA, and Herbert S. Sanger, Jr., Knoxville, Tenn., for plaintiff.

Stewart L. Cannon, Jr., Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Dr. Byron W. Frizzell and wife, Lucille Frizzell, the landowners in this condemnation proceeding, entered into a written option contract with the relator Tennessee Valley Authority granting the relator the right to purchase a certain easement right over their land for $300.00. The landowners claim in their answer that the relator's employee conducted negotiations with them " * * * in such manner as to lead the Defendants to believe that the execution of said option agreement was merely a prerequisite and a preliminary step to further negotiation regarding the compensation to be paid for the right-of-way and easement and that the figure of $300.00 was never at any time offered, suggested or accepted as full compensation for said taking."

The aforementioned contract includes the following memorandum of a part of the agreement of the contracting parties:

" * * * If, after the exercise of this Option Contract * * *, TVA shall consider it necessary to file condemnation proceedings in order to acquire title to the easement and right of way, the price stated shall be treated as *full and complete compensation for said easement* and right of way, and *this contract shall constitute a stipulation to that effect* which may be filed by TVA in, and may thereupon be treated as a part of the record in said condemnation proceedings. * * * "
[Emphases supplied.]

TVA exercised the option therein granted by the landowners and filed the contract as such stipulation in this proceeding.

The relator TVA has now interposed a motion for a summary judgment herein, Rule 56, Federal Rules of Civil Procedure, supporting same with an affidavit of its employee who conducted the aforementioned negotiations with the landowners. The landowners have not responded to the relator's motion by affidavit or otherwise, Rule 56(e), supra, and such response or affidavits are now deemed to have been waived, Local Rule 12(b).

The question presented, therefore, is whether the landowners, by their answer, have raised a genuine issue of material fact. If not, the Court must determine the issues herein as a matter of law. Chavers v. St. Paul Fire & Marine Insurance Company, C.A.6th (1961), 295 F.2d 812, 814, [2]; Kentucky Rural Elec. Co-op. Corp. v. Moloney Elec. Co., C.A.6th (1960), 282 F.2d 481, 483 [1], certiorari denied (1961), 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691, rehearing denied (1961), 365 U.S. 855, 81 S.Ct. 799, 5 L.Ed.2d 820. In so doing, the Court must assess the evidence presented on the motion for a summary judgment, determine its admissibility, and ascertain whether all the admissible evidence creates a genuine issue of fact. Gauck v. Meleski, C.A.5th (1965), 346 F.2d 433, 436 [4].

The landowners may not rest upon the mere allegations or denials, in their answer, Rule 56(e), supra; the evidence before the Court for consideration of the relator's motion consists of the stipulation aforementioned and the affidavit of the aforementioned employee of the relator. Further refined, the question is whether, in the absence of any response by the landowners to the relator's motion, it is appropriate to enter summary judgment against them, Rule 56(e), supra. " * * * A summary judgment ought not to be granted in lieu of a trial except where it is clearly appropriate. * * * " C. F. W. Construction Co. v. Travelers Insurance Company, C.A.6th (1966), 363 F.2d 557, 559 [1, 2].

■ The Court interprets the defense herein to be that, while the relator's employee was not guilty of fraud, the landowners never did actually make the agreement set forth in the aforementioned memorandum of agreement. The landowners certainly cannot validly repudiate their contract and stipulation with the relator except for cause. Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.Supp. 549, 550 [3], citing American Textile Machinery Corp. v. United States, C.A. 6th (1955), 220 F.2d 584, 588 [4, 6]. The only way these landowners could repudiate their written and signed memorandum of agreement would be by parol evidence.

■ Parol evidence from the landowners to establish that the above quoted provisions of the written option contract of the parties were not to be binding is not admissible, and, without such testimony, there could be no substantial evidence to support any findings by the trier of the facts to buttress the defense raised. Lewis v. Owens, C.A.6th (1964), 338 F.2d 740, 742 [2].

■ The parol evidence rule in Tennessee is a rule of substantive law. Cummings & Co. v. Mascari, C.A.Tenn. (1965), 55 Tenn.App. ——, 402 S.W.2d 719, 724 [3, 4], certiorari denied (1966) with the Tennessee Supreme Court concurring in the result only, Deaver v. J. C. Mahan Motor Co. (1931), 163 Tenn. 429, 434 [4], 43 S.W.2d 199, 200. Therefore, " * * * the rights of the parties must be adjudicated according to the written contract * * *." Idem.[1]

■ The contract and stipulation mentioned are unambiguous, and in construing the provisions thereof, no issue of material fact appears to bear on the resolvement, cf. Simpson Bros. v. District

of Columbia, (1949), 85 U.S.App.D.C. 275, 179 F.2d 430, 434 [2, 3], certiorari denied (1950), 338 U.S. 911, 70 S.Ct. 350, 95 L.Ed. 561. Thus, it is clear that the construction of the agreement is a question of law. Fox v. Johnson & Wimsatt, (1942), 75 U.S.App.D.C. 211, 127 F.2d 729, 736 [12–15].

■ The landowners and the relator agreed that the sum of $300.00 was just compensation for the easement taken, that such price shall be treated as full and complete compensation for said easement, and that the written memorandum of agreement of the parties is to be treated as a part of the record herein by stipulation. " * * * The effect of the * * * option agreement of the parties was to fix the value of the easement taken by the relator if and when the authority of this Court were invoked against a party to the agreement to acquire good title. * * * The relator's notice of its acceptance of the option contract converted it into a bilateral contract binding on all parties to it, and the parties agreed that the contract would be binding in this condemnation proceeding. * * * Consequently, there is no occasion for this Court to determine whether the valuation measured by just compensation varies from the agreed price. * * * " United States upon the Relation and Use of Tennessee Valley Authority v. Easement and Right-of-Way, Etc., D.C.Tenn. (1964), 236 F.Supp. 455, 456 [1, 3] and cases there cited. Under these circumstances, the relator clearly is entitled to a judgment as a matter of law, Romero v. International Term. Operat. Co. (1959), 358 U.S. 354, 79 S.Ct. 468, 472, 3 L.Ed.2d 368, 374 (n. 4), that the aforementioned option contract constituted a binding stipulation upon the parties as to the compensation the relator is to pay the landowners for the ease-

1. After the filing of this opinion but before publication hereof, a Tennessee appellate court was discovered to have summarized the law, as follows:
   "It is so well settled as not to require the citation of authority that even onerous agreements will be enforced according to their plain meaning

where fairly entered into (as these easements evidently were as there is no allegation of overreaching or fraud or unfair advantage taken). * * * " Scott v. Columbia Gas Transmission Company, C.A.Tenn. (1966), 55 Tenn. App. ——, 405 S.W.2d 784, 788 [2].

ment and right-of-way aforementioned, and that $300.00 is the full and complete compensation the relator is to pay these landowners for this easement.

The clerk will enter a partial summary judgment, Rule 56(d), supra, to that effect, Rule 58; and the relator will submit thereafter a proposed judgment confirming the vesting of title to the interests of the landowners by virtue of the declaration of taking herein.