UNITED STATES of America,
Petitioner-Plaintiff,

v.

CERTAIN PROPERTY located IN the BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, consisting of all of Block 726, and bounded by West 28th and 29th Streets and Ninth and Tenth Avenues, and Irving Givre et al., Defendants.

No. 62 Civ. 2599.

United States District Court
S. D. New York.

April 17, 1967.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for United States; James G. Greilsheimer, Asst. U. S. Atty., of counsel.

J. Lee Rankin, Corp. Counsel, New York City, for defendants; George Newman, Robert D. Joyce, New York City, of counsel.

OPINION

DIMOCK, District Judge.

This is an application for the settlement of the judgment in a condemnation case. The question presented is whether defendant City of New York is entitled to interest on so much of its award as was not covered by the fund deposited at the time of the filing of the declaration of taking. The property taken consisted of a recreation center maintained by the

City. The Government's objection to the allowance of interest is based upon the City's continued occupancy of the premises under a dollar-a-year lease.

The declaration of taking was filed on December 31, 1963. The City continued in possession and, on March 9, 1964, the Government and the City entered into a lease of the premises for a five year term beginning January 1, 1964, at a rental of one dollar a year.

At the time of the declaration of taking the Government deposited $313,260 in the registry of the court. This amount was withdrawn by the City. After trial, an award of $552,982.50 was made, leaving a deficiency of $239,722.50. It is on the latter sum that the City seeks interest.

The Declaration of Taking Act, 46 Stat. 1421, 40 U.S.C. § 258a, provides:

" * * * the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court."

The direction for the payment of interest is clear. The Government, however, on the theory that the City ought not to have interest on the award while it is enjoying the property rent free, opposes the allowance of interest.

United States v. Certain Land in the City of St. Louis, Mo., 41 F.Supp. 809 (E.D.Mo.1941),* is cited for the proposition that, where the former property owner is permitted to remain in possession of the property after title vests, he is not entitled to interest on the undeposited portion of the award. The case cited differs materially from that at bar. In the case cited, a deposit was made with the result that, under the literal terms of the statute, the defendant was entitled to no interest on any part of it. The court, however, pursuant to a request made by the Government, held up the withdrawal of part of the deposit. In order to protect the Goverment against the possibility of a verdict for less than the amount of the deposit and the consequent possible difficulty of recovering the overpayment, the court directed the retention of 25% but permitted the defendant to remain in possession. When the question of the allowance of interest came up, the court held that, since the defendant had not been allowed to take up the withheld 25%, the defendant was entitled to interest on it but only for the period after the Government began receiving a fair rental for the premises.

The court in the St. Louis case was not, as here, dealing with interest allowed by the statute. The interest provision of the statute contemplates deposits "paid into the court" without restriction. By engrafting a restriction on a portion of the deposit, the court placed that portion of the deposit in a special category which in fairness to the defendant the court held not subject to the statutory provision against interest on money deposited in court. Realizing the unique circumstances created by its direction, the court dealt with the question of interest on the restricted portion of the deposit on equitable grounds and determined that, since the defendant had the benefit of the use of the land and the Government had neither the benefit of the land nor the use of the money on deposit, it would be unfair to require the Government to pay interest on the withheld 25% of the deposit. Thus, the court decided that the Government ought to pay interest on that portion of the deposit only for the period after the defendant had begun paying, pursuant to court order, a fair rental for his continued occupancy of the premises.

In the instant case, the Government has the use of the fund on which the City now seeks interest so that the hardship that would have existed had the Government been required to pay interest in the St. Louis case does not exist. Moreover,

* Affirmed without discussing the interest point sub nom. O'Donnell v. United States, 131 F.2d 882 (8 Cir. 1942).

in the instant case, there has been no ad hoc direction of the court in regard to deposited funds. Here the City seeks interest allowed by the statute on undeposited funds. The statute contains no exception to this allowance for cases where the property owner remains in possession. That is something for adjustment by the parties when the deal for possession is made. The substance of what this court is asked to do is to revise the agreement between the parties. Without any compulsion on either side, the parties entered into the dollar-a-year lease. The Government asks that, as a result of its graciousness, the City be deprived of interest on the unpaid portion of the award. The simple answer is that the agreement contains no such term. It was open to the Government to insist that the City vacate the property or else waive the statutory interest. Instead, the City retained the property and the agreement contained no such waiver.

In cases where the defendant is allowed to remain in possession, application of a rule that the right to interest depends upon the defendant's being deprived of use and occupation of a value equal to the interest would be completely unworkable. Indeed, the Government here does not press its theory to a logical conclusion and ask that the City pay interest on the amount of the deposit that was distributed and of which the City had the benefit all of the time that it was enjoying the property at a nominal rent.

The two other cases cited by the Government where interest has been disallowed are likewise inapplicable. In Albrecht v. United States, 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532 (1947), the court held that the provisions of the Declaration of Taking Act did not apply since the plaintiff's recovery was under contract rather than condemnation. In re Post Office Site in Borough of the Bronx, 210 F. 832 (2 Cir. 1914) was decided before the adoption of the Declaration of Taking Act of 1931 and contained no discussion of any such statutory provision.

Judgment awarding interest on the deficiency has been signed.