**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**114.64 ACRES OF LAND, MORE OR LESS situate IN the COUNTY OF CUSTER, STATE OF IDAHO, et al., Defendants-Appellees.**

No. 73-1453.

United States Court of Appeals,
Ninth Circuit.

Oct. 18, 1974.

John Zimmerman, Atty., Dept. of Justice (argued), Washington, D. C., for plaintiff-appellant.

Louis F. Racine, Jr. (argued), of Racine, Huntley, Herzog & Olson, Pocatello, Idaho, for defendants-appellees.

Before DUNIWAY and TRASK, Circuit Judges, and SMITH, District Judge.*

## OPINION

PER CURIAM:

This appeal was taken by the United States from a judgment of the District Court granting condemnation of a parcel of real property in Custer County, Idaho, and awarding just compensation therefor. The appeal challenges a ruling of the court which held that the United States by filing the complaint in condemnation waived any right it may have had to rely upon a Land Purchase Option and Contract in which the appellees, as owners, agreed upon the value of the land with the Government. The option price agreed upon was $20,000; the amount awarded upon condemnation at a jury-waived trial was $35,000.

On May 20, 1971, the Government filed a complaint in the United States District Court for the District of Idaho asking a taking of property under the power of eminent domain and requesting the ascertainment and award of just compensation to the owners. Paragraph nine of the complaint recited that the United States had entered into a Land Purchase Option and Contract with the appellee owners for the purchase of the land for the sum of $20,000. A copy of this agreement was attached. The prayer was for condemnation and an ascertainment and award of just compensation. On the same date the Government deposited the sum of $20,000 in the registry of the court under a Declaration of Taking stating that this sum was estimated by the Government as just compensation.

The appellee owners answered denying the allegations of paragraph nine and requesting an award in an amount not less than $35,000. Subsequently appellees filed a motion to strike paragraph nine. After hearing, the court entered a formal order granting the motion. In the course of its order it stated:

"In striking paragraph 9 from the complaint at this time, the court does not indicate or hold that the Option and Contract, as alleged in paragraph 9, may not be admissible or competent as evidence on the question of just compensation for the land taken by the plaintiff. If the Option and Contract is offered as evidence at the time of trial of this case, the admissibility of the same may then be determined." C.T. at 52.

Upon trial before a different judge, the court held that the United States by filing its complaint "as duly authorized by the Acts of Congress" had waived any right it may or may not have had to proceed in a judicial proceeding to enforce the option contract regardless of its validity or enforceability, and was estopped by the condemnation proceeding to assert the value to be the sum of $20,000 as agreed upon in the contract. The Government stipulated with the landowners that the latter if called would testify that the value of the land was $35,000, and such was the award.

* Honorable Russell E. Smith, United States District Judge from the District of Montana, sitting by designation.

 In the posture upon which the case comes before us we assume that the Government by its offer of proof of an executed Land Purchase Option and Contract for $20,000, which was timely accepted according to its terms, has made a prima facie showing of a valid and enforceable contract. It appears clear to us that such a contract represents a stipulation of value binding upon the parties in a condemnation action. United States v. 93.970 Acres of Land, 360 U.S. 328, 79 S.Ct. 1193, 3 L.Ed.2d 1275 (1959); Albrecht v. United States, 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532 (1947); Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240 (1939). The stipulation here specifically provided that it could be introduced in evidence in a judicial proceeding to acquire the land, and the amount of the payment stated therein to be made would be accepted "as full settlement for all damages" to vendor by reason of a taking.[1]

 The argument of appellees appears to be grounded upon the fact that the Government did not properly allege the theory of its case in order to render the stipulation admissible. We do not agree. The stipulation was pleaded in the original complaint but stricken over objection with the pointed observation that the order on the motion was not to be taken as holding that it might not "be admissible or competent" on the question of just compensation. At the trial an offer of proof was made of the option contract but was rejected upon the ground of waiver or estoppel be-

cause the Government had filed its action in statutory condemnation rather than on the contract. The offer should have been admitted subject to any defenses as to its validity or enforceability.[2] We therefore reverse and remand for a new trial consistent with the views expressed herein.

Reversed and remanded.

---

1. Paragraph seven of the Option and Contract provided:

 "It is agreed that, if the vendor cannot convey satisfactory title to the land herein described, or if the vendor does not promptly convey said land to the United States when requested to do so by an authorized representative of the Secretary, the land may be acquired by judicial proceedings, and, if so acquired, payment at the rate per acre hereinbefore set forth for so much of the acreage as is found to be vested in the vendor, will be accepted as full settlement for all damages caused to said vendor by reason of the taking of said lands. The

vendor also agrees that this instrument may be introduced in such proceedings as the stipulation of the parties hereto with regard to all matters contained herein." Brief of Appellant at 7.

2. Even if invalid for lack of consideration or unenforceable because not properly exercised it would be admissible as an admission of a party on the issue of value. *See* Danforth v. United States, 308 U.S. 271, 282, 60 S.Ct. 231, 84 L.Ed. 240 (1939); United States v 2,974.49 Acres of Land, 308 F.2d 641, 643-644 (4th Cir. 1962).