UNITED STATES of America

v.

**74.12 ACRES OF LAND.**

UNITED STATES of America

v.

**33.22 ACRES OF LAND.**

UNITED STATES of America

v.

**43.81 ACRES OF LAND.**

UNITED STATES of America

v.

**67.73 ACRES OF LAND.**

UNITED STATES of America

v.

**38.20 ACRES OF LAND.**

Civ. A. Nos. 74–182–G, 74–372–M, 74–1143–C, 74–2765–C and 75–3540–F.

United States District Court,
D. Massachusetts.

Sept. 13, 1978.

John D. Hallisey, Orleans, Mass., for Leroy B. Wiles, Doris Curran Lane, James G. Curran, Mary F. Tulk Dahlberg, Florence L. Brown, Arthur W. Lombard, Asa P. Lombard, Edward E. Lombard, Robert W. Lombard, Phyllis Mcomber, Ruth L. Gourley and Sadie H. Burden, Esther R. Baker Wiles, David W. and Marcia C. Adams, Edith Curran, Carlyle F. Barnes, and Mrs. Priscilla Ryder Lombard.

Alan S. Novick, Aaron Siegal, New Bedford, Mass., for Helen Jason et al.

Harold W. Perkins, Perkins, Upshall & Robinson, Concord, N. H., for Richard P. Mitchner, Sr.

Duane P. Landerth, Latanzi & Spaulding, Orleans, Mass., for Clarissa L. and Rodney M. Bowers and Sally Morse, heirs of Roger Bowers.

Norman J. Richards, Boston, Mass., for Roger and Clarissa Bowers.

Loring P. Jordan, Jr., Boston, Mass., for Kohr, Sleights, Joseph and Robert Collinson.

William F. Riley, Chatham, Mass., for heirs of William Mayo.

Thomas Wray Falwell, Boston, Mass., for William D. Preston, Jr.

John R. Dyer, Jr., North Truro, Mass., for Mrs. Aina Carlson.

Edward E. Veara, Zisson & Benjoya, Boston, Mass., for the Town of Provincetown.

Joseph E. Doyle, administrator of the Estate of Warren A. Mayo, G A R Highway Orleans, Mass.

Charles E. Frazier, Jr., Wellfleet, Mass., for Chellise R. Cardinal.

Kenneth P. Nasif, Asst. U.S. Atty., Boston, Mass., for the United States.

### MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

All of the above-captioned cases came before the Court on a motions by the United States of America for summary judgment. All of the cases involved so-called "option contracts" executed between the then-owners of various parcels of land on Cape Code and the United States. The parcels are all located in what has become the National Seashore Park. The contracts were executed at various times principally in the years 1971 and 1972.

The property owners all oppose the government's motion for summary judgment on the legal grounds that the contract, under existing case law, must be exercised within a reasonable time after its execution. *United States v. 813.96 Acres of Land, More or Less*, 45 F.Supp. 535 (W.D. Ark.1942), *affirmed sub nom., United States v. Stott*, 140 F.2d 941 (8th Cir. 1944); *United States v. 2974.49 Acres of Land*, 308 F.2d 641 (4th Cir. 1962). The owners argue that the expiration of either five, six, or seven years is obviously well beyond the expiration of a reasonable time for the execution by the government of these options. The owners also advance the equitable grounds that it would be unconscionable for the government to execute the contracts at the dollar values contained therein because the landowners have been paying local real estate taxes on the land continuously up to the present time and because the value of

land on Cape Code has dramatically and drastically increased since the contracts were executed.

Defendants further argue that assuming the government's acceptance of the land-owners' offers to sell create bilateral contracts then thereafter the government had available to it only a reasonable time in which to tender performance under the terms of the contract. Nothing in the cases relied on by the government in its memorandum negates this contention, *e. g., Wachovia Bank and Trust Company v. United States*, 98 F.2d 609 (4th Cir. 1938); *Albrecht v. United States*, 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532 (1947); *Danforth v. United States*, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240 (1939). It should be noted that in other cases relied on by the government the holding amounts to a finding of fact that the land owner was bound by the option contract because in that particular case, unlike the instant case, the government was found to have exercised its option within a reasonable time. *E. g., United States v. Two Acres in Will County*, 144 F.2d 207 (7th Cir. 1944); *Mahowald v. United States*, 176 F.2d 509 (8th Cir. 1949).

■ Defendants request a ruling that as a matter of law the expiration of five to seven years since the execution of the contract constitutes a delay which is both unnecessary and unreasonable. It is not necessary to make the legal ruling requested by defendants for the obvious reason that it is Hornbook law that a motion for summary judgment may not be granted if there remains a question of material fact to be resolved. *Walgren v. Howes*, 482 F.2d 95 (1st Cir. 1973); *cf. Briggs v. Kerrigan*, 431 F.2d 967 (1st Cir. 1970). Whether or not the government has attempted to perform this contract within a reasonable time, although it might also be a question of law, is clearly a question of material fact—the existence of which defeats the government's right to summary judgment in all of these cases.

Accordingly, the motions for summary judgment in all of the above-captioned cases are denied.