Elmer A. JONES, et al. (Harold E. Preszler and Eunice Preszler (3))

v.

The UNITED STATES.

No. 306–79L.

United States Claims Court.

July 11, 1983.

---

1. 10 U.S.C. § 815 (1976).

See also, 1 Cl.Ct. 329.

Richard A. Spellman, Omaha, Neb., for plaintiffs; Kutak, Rock & Huie, Omaha, Neb., of counsel.

John E. Lindskold, Washington, D.C., with whom was Asst. Atty. Gen., Carol E. Dinkins, Washington, D.C., for defendant.

## ORDER FOR ENTRY OF JUDGMENT

HARKINS, Judge.

The claims of five of the plaintiffs in this case were resolved by stipulation, and final judgment was entered on those claims on June 18, 1982. This order determines the claim of the remaining plaintiffs, Harold E. and Eunice Preszler (No. 3).

The petition in this case was filed on July 17, 1979, in the United States Court of Claims by six plaintiffs to obtain compensation for the taking of flowage easements over farmlands along the South Dakota bank of the Missouri River. The taking was a result of construction and operation of dams in the Missouri River Basin Water Control Projects. On July 30, 1980, the parties filed a stipulation on liability, in which the United States admitted that it had taken a flowage easement over portions of each of the plaintiffs' properties, and the parties, including plaintiffs Preszler, agreed that November 30, 1973, was the date of taking of the flowage easement. The stipulation provided that the exact geographical

limits and extent as to which each portion of each of plaintiffs' properties had been effected by the project would be determined subsequently.

During the course of negotiations looking toward settlement of the issue of damages, the parties agreed that the value of the flowage easement that had been taken over the Preszler property was $40,000, on the basis of a hypothetical monthly discharge from Fort Randall Dam not exceeding 80,000 c.f.s.

Plaintiff Harold E. Preszler had requested on July 14, 1981, relocation benefits pursuant to Pub.L. No. 91–646 in the amount of $79,244.50 to cover the cost of relocating the irrigation pump and pipeline system. This request for relocation benefits was denied by the Omaha District office on August 10, 1981, reconsideration was denied on November 6, 1981, and the denial was affirmed by the Office of the Chief Engineer on April 29, 1982.

On May 28, 1982, five of the six plaintiffs filed a stipulation for entry of judgment, dated May 16, 1982, for damages for the taking of a flowage easement and for attorney fees. The stipulation explained that plaintiffs Preszler were unable to enter the stipulation because they claimed the United States had an additional liability for relocation of an irrigation system on the property, which claim the parties were unable to resolve. This liability would be resolved either as part of just compensation in this taking action or in administrative proceedings for relocation benefits under Pub.L. No. 91–646. The parties stipulated that the cause of action involving plaintiffs Preszler would remain separately docketed pending final resolution. The parties also stipulated that 13.65 percent ($9,112.83) of the total attorney fees and expenses incurred to that date was to be attributed to efforts on behalf of plaintiffs Preszler. On June 12, 1982, judgment was entered in accordance with the stipulation.

On July 29, 1982, plaintiffs Preszler by motion requested an order from this court that the taking of the flowage easement over their farmlands included a taking by the United States of an irrigation system located on the property. Plaintiffs' motion was denied in a Memorandum of Decision filed January 10, 1983. *Jones v. United States,* 1 Cl.Ct. 329 (Cl.Ct.1983). The January 10, 1983, decision stated that the Preszlers' land must be valued as of the date of taking, November 30, 1973, and improvements placed upon the property within the flowage easement after that date, including the irrigation system, are not eligible for inclusion in compensation for the November 30, 1973, taking.

Counsel were allowed time to stipulate the amount of compensation due plaintiffs Preszler; counsel reported that these efforts were unsuccessful. On April 14, 1983, counsel in a telephone conference were reminded that at this stage of the litigation the following issues relative to the Preszler claim had been resolved: (1) defendant's liability for taking a flowage easement on November 30, 1973; (2) the amount of compensation owed by defendant for the flowage easement, exclusive of claims relative to the irrigation system (by stipulation of counsel at one time); (3) the amount of attorneys fees attributed to efforts on behalf of the Preszlers prior to May 16, 1982; and (4) that the Preszlers' claims relative to the irrigation system were not compensable. On April 15, 1983, defendant by order was directed to file a motion for an order for entry of judgment. The order stated:

> Defendant's motion shall include a statement of the amount defendant is willing to pay as the value of the flowage easement that has been taken on the Preszler property. The motion also shall include a map of Tract N–117E that depicts the boundaries of the flowage easement, or such other description that defines the scope of the flowage easement that was taken on November 30, 1973.

On defendant's motion, filed June 1, 1983; plaintiffs' response, filed June 20, 1983; and defendant's reply, filed July 1, 1983, without oral argument, IT IS ORDERED:

The following findings of fact apply to the claim of Harold E. and Eunice Preszler (3):

(a) The United States is liable for the taking of a flowage easement over plaintiffs' farmlands. The flowage easement was the result of flooding and altered drainage flows caused by the Government's construction and operation of dams in the Missouri River Basin Water Control Projects.

(b) The date of taking of said flowage easement is November 30, 1973.

(c) The flowage easement that was taken on November 30, 1973, applies to the following described real estate in the County of Bon Homme, State of South Dakota, to wit:

All that portion of Lot 7 of Section 6, Lot 1 of Section 7 and that portion of Lots 1, 2 and the NW¼SE¼ of Section 8, Township 92 North, Range 61 West of the Fifth Principal Meridian, Bon Homme County, South Dakota, lying below the 1,235-foot contour elevation, vertical datum being Mean Sea Level, as depicted on the attached map, together with all accretion thereto.

(d) The flowage easement on the taking date had a value of $40,000, and this amount is the total compensation due plaintiffs Preszler for property taken on November 30, 1973.

■ Plaintiffs Preszler are entitled to compensation of $9,112.83 for attorney fees and expenses attributable to efforts on their behalf to May 16, 1982. Plaintiffs Preszler are not entitled to attorney fees and expenses expended subsequent to that date in an unsuccessful effort to obtain compensation for costs involved in relocation of the irrigation system. 42 U.S.C. § 4654(c) (1976).

■ In order to produce the full equivalent of the property taken, just compensation includes interest on the value of the flowage easement, computed at simple interest rates, from the time of taking to the time of payment. *Albrecht v. United States,* 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532 (1947); *Miller v. United States,* 620 F.2d 812, 223 Ct.Cl. 352 (Ct.Cl.1980). The Court of Claims established 7.5 percent as the appropriate rate for the period 1971–

1975; 8.5 percent as the appropriate rate for the period 1976–1979. A rate of 12 percent has been found to be appropriate for the period 1980–1982. *Miller v. United States,* 620 F.2d at 840; *Georgia Pacific Corp. v. United States,* 640 F.2d 328, 367, 226 Ct.Cl. 95 (Ct.Cl.1980); *Berenholz v. United States,* 1 Cl.Ct. 620 (1982). In *Foster v. United States,* 2 Cl.Ct. 426 (Cl.Ct. 1983), the average yield on Aaa Corporate Bonds in Moody's Composite Index for 1981 and 1982 was accepted as appropriate. The average yield on Aaa Corporate Bonds for 1981 was 14.17 percent, for 1982, it was 13.79 percent, and for the first 4 months of 1983, it was 11.76 percent.

The Contract Disputes Act (codified at 41 U.S.C. §§ 601–613 (Supp. V 1981)) requires interest on contract claims allowed under the Act to be paid at the rate established by the Secretary of the Treasury pursuant to Pub.L. No. 92–41 (85 Stat. 97). This method of establishing interest rates has the approval of Congress, and this court requires such rates to be paid on contract claims. Little justification is seen for utilization of another method to establish the rate that is to be included in just compensation in a taking case. Rates established under the Contract Disputes Act procedure for the following periods are:

| Period | Rate |
|---|---|
| Jan. – June 1980 | 12¼ percent |
| July – Dec. 1980 | 10½ percent |
| Jan. – June 1981 | 14⅝ percent |
| July – Dec. 1981 | 14⅞ percent |
| Jan. – June 1982 | 14¾ percent |
| July – Dec. 1982 | 15½ percent |
| Jan. – June 1983 | 11¼ percent |
| July – Dec. 1983 | 11½ percent |

■ For purposes of uniformity in compensation of claims against the Government, flexibility in administration, notice to the public and judicial efficiency, rates established under the method required in the Contracts Disputes Act are determined to be appropriate for computation of just compensation in this taking case for the period commencing January 1, 1980.

IT IS FURTHER ORDERED, on condition that an appropriate grant of easement

be executed by plaintiffs and delivered to defendant, that judgment shall be entered for plaintiffs Harold E. and Eunice Preszler (No. 3) in the amount of forty thousand dollars ($40,000), with just compensation to include interest on that amount at the rate of 7.5 percent per annum from November 30, 1973, through December 31, 1975; 8.5 percent per annum from January 1, 1976, through December 31, 1979; and, from January 1, 1980, to the date of payment, at the rates established by the Secretary of the Treasury pursuant to Pub.L. No. 92–41 (85 Stat. 97) for the Renegotiation Board. In addition, the judgment shall include nine thousand one hundred and twelve dollars and eighty-three cents ($9,112.83) as compensation for attorney fees and expenses.