**Fayez B. HANNA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3336.

United States Court of Appeals, Federal Circuit.

Dec. 9, 2002.

Before NEWMAN, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

Fayez B. Hanna appeals a final order of the Merit Systems Protection Board

("Board"), *Hanna v. Office of Pers. Mgmt.*, Docket No. DC–831M–02–0116–I–1 (Mar. 12, 2002) (petition for review denied Jun. 7, 2002), affirming a reconsideration decision of the Office of Personnel Management ("OPM") denying Dr. Hanna's request to waive his overpayment of annuity benefits under the Civil Service Retirement System ("CSRS"). Because substantial evidence supports the Board's order and decision, we *affirm*.

## BACKGROUND

Dr. Hanna retired from federal service with the Department of Labor on August 20, 1999. He was entitled to choose between two types of retirement annuities: (1) a "regular annuity," which pays a fixed sum each month for life, *see* 5 U.S.C. § 8339 (2000); or (2) an "alternative annuity," which combines lower monthly payments with a single, lump-sum payment tied to the amount of the recipient's contributions to the CSRS, *see* 5 U.S.C. §§ 8331(8), 8343a (2000). On May 11, 2000, Dr. Hanna elected to receive the alternative annuity.

In November 2000, OPM sent a Notice of Debt, which notified Dr. Hanna that his election of the alternative annuity had resulted in an overpayment, which was not his fault. OPM retroactively adjusted the regular annuity payments that Dr. Hanna had received for the preceding fifteen months to reflect the lower monthly payments under the alternative annuity. OPM proposed to recover the overpayment of $7,986.00 in thirty-three monthly installments of $240.62 plus one installment of $45.54. An attached, misdated letter,[1] however, erroneously stated that the overpayment had been collected.

On December 4, 2000, Dr. Hanna submitted a request for a reconsideration of the amount of the debt and a request for a waiver of the overpayment. On reconsideration, OPM found that the amount of debt was correct and that Dr. Hanna was not entitled to a waiver of overpayment. Dr. Hanna appealed to the Board, which affirmed OPM's decision. The initial decision of the administrative judge ("AJ") became the final decision of the Board, when the Board denied Dr. Hanna's petition for review. Dr. Hanna timely appeals, and we have jurisdiction over his appeal pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

We must affirm a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

On appeal, Dr. Hanna (1) contests the mathematical correctness of the overpayment and accumulated retirement amounts; (2) requests interest for the delayed lump-sum payment; and (3) argues he is entitled to a waiver due to (a) financial hardship; (b) detrimental reliance; and (c) unconscionability.

First, Dr. Hanna contests the mathematical accuracy of the overpayment and accumulated retirement amounts. In its decision, the AJ specifically noted that OPM has the burden of proving the occurrence of overpayments by a preponderance of the evidence. *See* 5 C.F.R. § 831.1407(a) (2002). After reviewing the evidence, the AJ found that OPM's version

---

1. The date of this letter, November 30, 1999, appears to be incorrect because the attached notice was dated November 28, 2000 and Dr. Hanna did not elect an alternative annuity until May 11, 2000.

of the overpayment amount is supported by contemporaneous records, and, to the extent Dr. Hanna's financial statements conflict with OPM's version, that "[n]o basis for changing this conclusion is provided by appellant's calculations showing an overpayment of $4,581.64 because they are based on net amounts." Moreover, the AJ relied on Dr. Hanna's certified Individual Retirement Record indicating an accumulated retirement amount of $93,263.54. *See* 5 C.F.R. § 831.103(a) (2002) (stating that the Individual Retirement Record is the basic record for action on all claims for annuity or refund). Thus, the AJ concluded that OPM had met its burden of proving the overpayment and accumulated retirement amounts.

■ Second, Dr. Hanna requests interest on his lump-sum payment, which was held by the Government from September 1999 to November 2000. The United States is presumptively not liable for interest or monetary damages arising from delay in payment of a debt. *See United States v. Louisiana,* 446 U.S. 253, 264–65, 100 S.Ct. 1618, 64 L.Ed.2d 196 (1980); *Albrecht v. United States,* 329 U.S. 599, 605, 67 S.Ct. 606, 91 L.Ed. 532 (1947). In a case involving a delay of more than ten years in making a lump-sum annuity payment, this court held that interest could not be awarded against the government in the absence of express statutory authority. *See Lichtman v. Office of Pers. Mgmt.,* 835 F.2d 1427, 1428 (Fed.Cir.1988). Here, Dr. Hanna's claim to the difference between the two options for the fifteen-month period rests on the mistaken assumption that prior to electing the alternative annuity, he was entitled to the regular annuity payment. In fact, until Dr. Hanna made his annuity election in May 2000, it was not possible to determine whether he was entitled to the regular or alternative annuity monthly payment. His real loss from the

delay in receiving his lump-sum payment was his inability to use that payment during the six-month period from May 2000 to November 2000. While that opportunity cost is undoubtedly a loss, it is not a loss for which the law provides a remedy. The AJ denied Dr. Hanna's claim for interest because this payment of money from the federal treasury was not authorized by statute. *See Kesselman v. Office of Pers. Mgmt.,* 47 M.S.P.R. 293, 296 (1991).

Third, Dr. Hanna argues that he is entitled to a waiver. A CSRS overpayment may be waived if: (1) the annuitant is without fault and (2) recovery would be against equity and good conscience. *See* 5 U.S.C. § 8346(b) (2000); 5 C.F.R. § 831.1401 (2002). Dr. Hanna has the burden of proving by substantial evidence that he is entitled to a waiver. 5 C.F.R. § 831.1407(b) (2002). Although OPM acknowledged that Dr. Hanna is without fault, the regulations also require that Dr. Hanna show that: (1) repayment would cause him financial hardship; (2) due to the repayment made he "has relinquished a valuable right or changed positions for the worse"; or (3) recovery of the overpayment "could be unconscionable under the circumstances." 5 C.F.R. § 831.1403(a) (2002).

■ Dr. Hanna argues that repayment of the overpayment would cause him financial hardship due to anticipated medical expenses. "Financial hardship may be deemed to exist in–but not limited to–those situations where annuitant from whom collection is sought needs substantially all of his/her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities." 5 C.F.R. § 831.1404 (2002). Although Dr. Hanna declined to complete a Financial Resources Questionnaire, he admitted that he had certificates of deposit worth $250,000 and that he owned his own home. After re-

viewing evidence that both Dr. Hanna and his wife have been hospitalized, received other medical treatment, and incurred monthly expenses for prescription medicine, the AJ concluded that Dr. Hanna had not met his burden of establishing that recovery of overpayment would cause financial hardship.

Next, Dr. Hanna asserts that he detrimentally relied on the overpayment and OPM's misleading letter to make expenditures in 2001. The AJ concluded that Dr. Hanna should have known that his election would result in overpayment because the difference in monthly annuity amounts was stated on the election form Dr. Hanna signed on May 11, 2000. Moreover, the erroneous letter notwithstanding, Dr. Hanna knew that he had not repaid the overpayment because he filed a request for reconsideration on December 4, 2000. The AJ further concluded Dr. Hanna did not meet his burden of showing, with substantial evidence, that he would not have incurred the expenses in the absence of the overpayment because Dr. Hanna had both knowledge of the overpayment and substantial liquid assets prior to making the expenditures in 2001.

Finally, Dr. Hanna suggests that recovery of the overpayment would be unconscionable due to the "errors and delays" on the part of OPM. The Board defines "unconscionable" as "going beyond the bounds of what is customary or reasonable; ridiculously or unjustly excessive; inordinate." *Aguon v. Office of Pers. Mgmt.*, 42 M.S.P.R. 540, 550 (1989). It is undisputed that OPM discovered its error six months after Dr. Hanna elected to receive a reduced alternative annuity with lump sum payment and that Dr. Hanna was overpaid for fifteen months. In short, there is no evidence in the record that OPM was grossly negligent in handling Dr. Hanna's case, and Dr. Hanna does not allege any unusual circumstances amounting to financial hardship. Thus, we cannot conclude that the recovery is unconscionable.

The evidence supporting the AJ's findings amounts to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and, therefore, constitutes substantial evidence to support the AJ's findings. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Accordingly, we affirm the Board's decision.