**UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY**

**v.**

**1.2 ACRES OF LAND, MORE OR LESS, IN MONROE COUNTY, TENNESSEE, et al.**

**Civ. No. 3–74–327.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 3, 1975.

---

Robert H. Marquis, Beauchamp E. Brogan, Robert C. Glinski, Paul T. Dunn, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

M. F. Sloan and Florence Sloan, pro se.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is a condemnation action initiated by the Tennessee Valley Authority pursuant to Title 16 U.S.C. §§ 831–831dd for the taking of defendants' property in connection with the construction, operation, and maintenance of the Tellico Dam and Reservoir Project. T.V.A. filed this action on November 12, 1974, at which time, pursuant to a written contract between the parties, it deposited into the registry of the Court $1,700.00 as compensation for the property sought. Prior to the filing of the action, defendants executed a written contract (Exhibit B to the complaint) in which they agreed to sell the property in question to T.V.A. for a total considera-tion of $1,700.00. Paragraph seven of the contract provides:

"If court proceedings shall be instituted to acquire the property described herein, or which involve any rights hereunder, the parties hereto agree, jointly and severally, that this contract shall constitute a binding stipulation as to each signatory party hereto, which may be filed as a part of the record in said proceedings, that the price stated in paragraph 2 hereof is full and complete compensation for said property, and that each seller signatory hereto will share in the purchase price stated herein in proportion to his interest in the property."

T.V.A. alleges that defendants have refused to convey the property to plaintiff in accordance with the terms of the contract and have thereby necessitated this condemnation action. Defendants were served with notice on November 12, 1974, and they have not answered the complaint. T.V.A. moves for summary judgment on the issue of just compensation on the ground that the contract constitutes a binding stipulation as to the price to be paid defendants for the property. Defendants have not responded to the motion for summary judgment. There appearing to be no controversy of fact existing, the Court grants plaintiff's motion for the reasons hereinafter set forth.

On June 5, 1974, defendants M. F. Sloan and his wife, Florence Sloan, signed a written contract providing for the sale to T.V.A. of the property in question. The contract provided for a purchase price of $1,700.00. The contract was accepted by T.V.A. on June 10, 1974. Defendants have not denied the allegation in the complaint that they have refused to execute an instrument of conveyance as is provided for in the contract.

The contract is unambiguous on its face and speaks for itself. In examining the provisions of the contract, there appears to be no genuine issue of material fact. Under these circumstances T.

V.A. is entitled to judgment as a matter of law. See Danforth v. United States, 308 U.S. 271, 282, 60 S.Ct. 231, 84 L.Ed. 240 (1939); Muschany v. United States, 342 U.S. 49, 65 S.Ct. 442, 89 L.Ed. 744 (1945); United States ex rel T.V.A.·v. Easement and Right of Way, 271 F. Supp. 55 (E.D.Tenn.1966).

Accordingly, it is the order of the Court that the contract is enforceable, and the defendants are ordered to specifically perform upon tender of the $1700.00 purchase price provided for therein. If a misunderstanding or disagreement arises with respect to execution of the contract, such disagreement may be brought to the attention of the Court and the Court will endeavor to do what the agreement of the parties and the law requires to be done.