**Ella Mae LaROCHELLE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

Appeal No. 85–2199.

United States Court of Appeals, Federal Circuit.

Sept. 26, 1985.

Ella Mae LaRochelle, submitted pro se.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director, Kathleen A. Flynn and Elain J. Guth, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Joseph A. Morris, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel, and Earl A. Sanders, Office of Gen. Counsel, Office of Personnel Management, Washington, D.C., of counsel.

Before DAVIS, BENNETT and BISSELL, Circuit Judges.

BENNETT, Circuit Judge.

Ella Mae LaRochelle appeals pro se the final decision of the Merit Systems Protection Board, No. DA08318410456, affirming the Office of Personnel Management's (OPM) denial of her claim for a survivor annuity based on the retirement of her deceased husband, Roger Edward LaRochelle. The issue of jurisdiction was not raised on appeal to the court. Assuming, without deciding, that we have jurisdiction, we agree with the board that Mr. LaRochelle's failure to elect a reduction in his annuity to provide for survivor benefits within the time prescribed by statute precludes Mrs. LaRochelle from obtaining a survivor annuity. *See Yarbrough v. Office of Personnel Management*, 770 F.2d 1056 (Fed.Cir.1985). Accordingly, we affirm.

## BACKGROUND

Ella Mae Gustafson married Roger LaRochelle on November 7, 1943. On February 28, 1978, the 45th Judicial District Court, Bexar County, Texas, granted a divorce decree to Ella Mae LaRochelle. The decree "awarded sole and separate property" to Mr. LaRochelle with Mrs. LaRochelle "divested of all right, title, and interest in," *inter alia*, "[a]ll interest in his civil service retirement and his railroad retirement."

On July 20, 1979, Mr. LaRochelle retired from the civil service, electing an annuity payable only during his lifetime. On May 24, 1982, Mr. LaRochelle wrote to OPM, stating in part:

> At the present time I do not have a survivor annuitant appointed for my benefits. I would like to assign Ella Mae LaRochelle as my survivor annuitant at this time. Ella Mae and I were married thirty three years, but had divorced prior to my retirement. On June 24, 1981, I moved back home with her and we established a common law marriage.

Texas, the state of the LaRochelles' domicile, recognizes common-law marriages. Tex.Fam.Code Ann. § 1.91(a)(2) (Vernon 1975). Because OPM will consult state law where federal law is not determinative, this type of marriage satisfies the survivor annuity provisions. *See Slate v. Office of Personnel Management*, 9 MSPB 855, 10 M.S.P.R. 658 (1982).

Mr. LaRochelle died on June 6, 1982. On August 23, 1982, Mrs. LaRochelle applied to OPM for a survivor annuity. OPM determined that she was not a widow within the meaning of 5 U.S.C. § 8341(a)(1)(A) because she had not been married to Mr. LaRochelle "for at least 1 year immediately before his death." * Mrs. LaRochelle re-

---

* Although Mrs. LaRochelle *appears* from the divorce decree to have been "the mother of issue by that marriage," OPM failed to consider

quested OPM to reconsider its decision, submitting an affidavit that the marital relationship had actually resumed on November 30, 1980. OPM affirmed its earlier decision but on different grounds. It decided that if November 30, 1980, was the beginning of the common-law marriage, Mr. LaRochelle had failed to make the survivor annuity election within 1 year after he married, as required by 5 U.S.C. § 8339(k)(2). Mrs. LaRochelle appealed to the full board, which affirmed the OPM denial. The board denied Mrs. LaRochelle's petition for review. 26 M.S.P.R. 423 (1985).

## DISCUSSION

5 U.S.C. § 8339(k)(2) states in pertinent part:

> An employee or Member, who is unmarried at the time of retiring under a provision of law which permits election of a reduced annuity with a survivor annuity payable to his spouse and who later marries, may irrevocably elect, in a signed writing received in the Office within 1 year after he marries, a reduction in his current annuity as provided in subsection (j) of this section.

The statute is clear and specific. Although Mrs. LaRochelle concedes that the requirement of 5 U.S.C. § 8339(k)(2) is unsatisfied, she argues, in essence, that her years as a faithful wife entitle her to a survivor annuity. While we sympathize with her plea for flexibility in the statutory requirement, the court is without authority to alter the statute.

Had OPM initially considered the applicability of 5 U.S.C. § 8341(a)(1)(B) it could have concluded on the information it had at that time, that Mrs. LaRochelle was entitled to an annuity. OPM's initial denial of her claim, however, prompted her to allege that the common-law marriage had begun at an earlier date. While the pushing-back of the marriage date, supported by Mrs. LaRochelle's affidavit, qualified her under section 8341(a)(1)(A), it disqualified her under section 8339(k)(2). Despite OPM's fail-

whether she qualified as a widow under 5 U.S.C.

ure to consider the relevance of section 8341(a)(1)(B), we believe the truth has surfaced, and that Mrs. LaRochelle is not legally entitled to a survivor annuity.

AFFIRMED.