829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Demart BOWLING, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3166
 United States Court of Appeals, Federal Circuit.
 Aug. 13, 1987.
 
 Before SMITH, NIES and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on October 17, 1986, docket No. AT831L8610615, sustaining the Office of Personnel Management's (OPM) decision denying Demart Bowling's (Bowling) application for disability retirement benefits, is affirmed.
 
 OPINION
 
 2
 The board concluded that Bowling, a former heavy mobile equipment mechanic with the Department of the Air Force, failed to establish by a preponderance of the evidence that he was not capable of useful and efficient service in his position as a mechanic or in a different position for which he was qualified, or that his diagnosed medical conditions both of osteoarthritis and deformity of the left foot rendered him unable to perform his duties. We must affirm the board's decision because it has not been shown that the decision was based upon 'a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination." Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct. Cl.), cert. denied, 393 U.S. 952 (1968)).
 
 
 3
 Bowling argues that the board erred in sustaining the determination of the OPM because the board committed error in its evaluation of the medical evidence concerning his osteoarthritis, his pain, and the expected duration of his medical condition. Because this contention would require us to address factual determination of the board, this contention is outside our jurisdiction and we cannot reach it. See Smith v. Office of Personnel Management, 784 F.2d 397, 400 (Fed. Cir. 1986).
 
 
 4
 In addition, Bowling argues that he was misled because he was not informed that his claim for disability retirement benefits was governed by 5 U.S.C. Sec. 8337 (1982). Bowling asserts that he should have been notified of all pertinent rules governing his claim prior to the filing of his application. Notwithstanding the possibility that Bowling was unaware, prior to filing his application for disability retirement benefits, that section 8337 governed his claim, we cannot hold that this possibility provides grounds for us to overturn the board's decision. See Riggs v. Office of Personnel Management, 709 F.2d 1486 (Fed. Cir. 1983).