835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Annie BUTLER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3476.
 United States Court of Appeals, Federal Circuit.
 Nov. 6, 1987.
 
 Before RICH, EDWARD S. SMITH, and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Annie Butler, pro se, seeks review of the final decision of the Merit Systems Protection Board, Docket No. NY08318710208, affirming the Office of Personnel Management's reconsideration decision to deny her application for survivor annuity benefits. We affirm.
 
 OPINION
 
 2
 Allen Butler, petitioner's late husband, retired as an unmarried man from employment with the Veterans Administration in 1965. He married petitioner in 1967. Before 1971, an annuitant could not elect survivor benefits for a spouse when the marriage took place after retirement. Under 5 U.S.C. Sec. 8339(k)(2), enacted on January 8, 1971, the law was changed so that survivor benefits could be conferred, under certain conditions, on a spouse married after retirement. In particular, section 8339(k)(2) requires the annuitant to provide OPM with a signed, written election within a specified time. In this case, Mr. Butler had to notify OPM of his decision to provide a survivor annuity for petitioner within one year after the date of enactment of the statute, that is, by January 8, 1972.
 
 
 3
 Petitioner's husband never filed a request with OPM to provide an annuity for petitioner. After her husband died in 1985, petitioner applied to OPM and was denied an annuity because Mr. Butler had not filed the necessary request. Assuming Mr. Butler intended to and wanted to provide his wife with survivor benefits, which we do not doubt, neither OPM nor this court can waive the requirements of the statute. LaRochelle v. Office of Personnel Management, 774 F.2d 1079, 1081 (Fed.Cir.1985) ("While we sympathize with [petitioner's] plea for flexibility in the statutory [5 U.S.C. Sec. 8339(k)(2) ] requirement, the court is without authority to alter the statute."). Petitioner's statements to this court about her age, physical disabilities, and financial situation evoke the full sympathy of the court. The law gives the court no choice, however, but to affirm the board. Accordingly, we affirm on the basis of the board's opinion.