838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dwight C. BROWN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3169.
 United States Court of Appeals, Federal Circuit.
 Jan. 15, 1988.
 
 Before NIES, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Dwight C. Brown seeks review of the final decision of the Merit Systems Protection Board, Docket No. DC08318610518, affirming the Office of Personnel Management's (OPM's) decision which found him ineligible to elect survivor annuity benefits for his current spouse under the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615 ("CSRSEA"), because his wife had survivor benefits under another statute. Brown also seeks a partial waiver of his required financial contribution toward a survivor annuity. We affirm in part and remand in part.
 
 OPINION
 
 2
 Brown seeks to obtain (1) a full survivor annuity for his current wife and (2) a partial waiver of the amount he must reimburse the government for receiving too large an amount in his annuity payments.
 
 
 3
 Brown argues that OPM's error in rejecting Brown's application to provide an annuity for his second wife in 1982 qualifies him to provide an annuity for her under CSRSEA. Presently, she is entitled to receive a partial survivor's annuity.
 
 
 4
 Brown retired from federal service in 1966, electing to receive a reduced annuity for himself in order to provide a partial survivor annuity for his first wife. He divorced her in 1974 and notified the government of that divorce. Consequently, the government increased Brown's payments because the survivor annuity benefit he had elected was terminated by the divorce. 5 U.S.C. Sec. 8339(j) (1982). When Brown remarried in 1975, he did not notify the government. Nevertheless, under the law in effect between October 26, 1974 and October 1, 1978, Brown's second wife automatically became entitled to the same partial survivor benefit he had elected for his first wife with a corresponding reduction in his payments. Employees--Annuity for Surviving Spouse, Pub.L. No. 93-474, 88 Stat. 1438 (1974) (later amended with current version at 5 U.S.C. Sec. 8339(j)). Absent notice of Brown's remarriage, however, the government did not reduce the amount of Brown's own annuity payments to cover the survivor benefits for his second wife.
 
 
 5
 In 1978, Congress amended section 8339(j) to eliminate the automatic survivor annuity for a second wife. As amended, the law gives the annuitant an option for a one-year period following remarriage to provide a surviving spouse with an annuity. Survivor Annuity--Reduction--Election, Pub.L. No. 95-317, 92 Stat. 382 (1978) (codified at 5 U.S.C. Sec. 8339(j)). In 1982, Brown wrote the government providing notice of his remarriage and requesting information on providing a survivor benefit for his second wife. Apparently overlooking the law which existed at the time of Brown's remarriage, OPM erroneously informed Brown that, because he did not elect benefits for his second wife within one year after his remarriage under amended section 8339(j), he could not provide her with any annuity.
 
 
 6
 In 1984, Congress passes CSRSEA, under which an employee "who was unable to provide an annuity" to a spouse because of failure to notify OPM of their marriage within one year was given a second chance to make an election of survivor benefits. In 1985, Brown became aware of CSRSEA and applied for full benefits for his second wife.
 
 
 7
 Brown's second application prompted OPM to review his situation. OPM corrected its 1982 erroneous misinformation to Brown and informed him correctly that his second wife became entitled to survivor benefits under the 1974-1978 statute to the same extent as the benefits previously provided for his first wife. Thus, Brown's second wife will receive the same partial annuity Brown had elected at his retirement. OPM advised and the board held, however, that Brown could not elect a full annuity under CSRSEA because that Act was applicable only where an employee "was unable to provide" a spouse's annuity. Brown had, through the automatic annuity provision in effect in 1975, provided an annuity for his second wife. Brown continues to press for full benefits for his second wife.
 
 
 8
 This court's scope of review of the board's decision is limited by statute. We must affirm the decision unless it is not in accordance with law, is obtained without required procedures, or is unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). We are without authority to alter the applicable statutory law, which here is clear and specific. LaRochelle v. Office of Personnel Management, 774 F.2d 1079, 1081 (Fed. Cir.1985).
 
 ANNUITY RIGHTS
 
 9
 Brown argues that he should be allowed to provide a full annuity for his second wife under CSRSEA on the basis of OPM's "gross negligence" in misinforming him in 1982. While we can understand Brown's frustration with bureaucratic errors and delay, that provides no basis for reversal.
 
 
 10
 Brown also asserts that Congress' failure in the CSRSEA to allow a retiree who elected a reduced annuity at retirement to increase such annuity for a second spouse, when it allows election of a full annuity by a retiree who elected at retirement not to provide any annuity for a first spouse, was an "oversight." That may be, but the responsibility to change the law lies with Congress, not this court.
 
 
 11
 Finally, the board correctly concluded that the OPM's erroneous information in 1982 does not estop the government from following statutory requirements. See Riggs v. Office of Personnel Management, 709 F.2d 1486, 1488 (Fed. Cir.1983) (citing Schweiker v. Hansen, 450 U.S. 785 (1981)). OPM's misstatements did not prejudice Brown with respect to the amount of his second wife's annuity benefits so that there is no possible basis for estoppel. Because Brown does not argue any of the statutory grounds for reversal under our standard of review, we are required by law to affirm the board's decision.
 
 WAIVER
 
 12
 The government overpaid Brown by $7,061 because it failed to reduce his annuity from 1975 to 1986. OPM informed Brown that it intended to collect the debt in installments through monthly reductions in his annuity and that he could seek a waiver of the debt within thirty calendar days. 5 C.F.R. Sec. 831.1304(a)(6) (1987). Brown misplaced the information, however, and failed to file a timely waiver request.
 
 
 13
 Brown requests a waiver of that part of the total debt representing an arrearage for the period from the date of OPM's failure to reinstate his original reduced annuity upon learning of his remarriage until the annuity was reinstated in 1986. He also asks that OPM pay any interest due on the arrearage which accrued during that time.
 
 
 14
 The question of a waiver is one addressed to OPM's sound discretion. No decision was made by OPM on waiver. There is, accordingly, nothing for the board or this court to review. However, we remand to the board with instructions to remand to OPM for consideration of Brown's request for a waiver. The circumstances here justify extension of the thirty-day period set for application for a waiver.
 
 
 15
 MAYER, Circuit Judge, concurs in the result.