856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bernard S. TORRE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3157.
 United States Court of Appeals, Federal Circuit.
 Aug. 2, 1988.
 
 Before FRIEDMAN, RICH and PAULINE NEWMAN, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 DECISION
 The decision of the Merit Systems Protection Board (Board), No. CH08318710602, affirming the Office of Personnel Management (OPM)'s denial of Torre's application for a reduced annuity with survivor's benefits for his wife, is reversed and remanded.
 
 OPINION
 
 1
 * The facts are undisputed. The appellant Bernard S. Torre was a widower when he retired from the National Aeronautics and Space Administration (NASA) in 1973. Torre was covered by the Civil Service Retirement System. On March 14, 1985, Torre remarried. Approximately one month after his marriage he went to his former office to enroll his wife under his health insurance plan and to apply for a survivor's annuity benefit for his wife under his retirement plan. While Torre's wife filled out the necessary papers for the health insurance, Torre went to see William Cleber, the Chief of the Retirement Coordination Office.
 
 
 2
 Torre informed Cleber of his marriage and stated that he wanted to sign his wife up for annuity survivor's benefits. Torre testified, and OPM does not dispute, that Cleber told Torre that he had to wait until one year after his marriage before he could apply for survivor's benefits. Following that advice, after one year, Torre on April 9, 1986, sent notice to OPM that he was remarried and that he wanted to elect a reduced annuity with a survivor's benefit for his wife.
 
 
 3
 OPM received Torre's notice on April 17, 1986, 13 months after his remarriage. The applicable statutory provision at the time, 5 U.S.C. Sec. 8339(k)(2) (1982), required that notice be given to OPM within one year of the marriage, not after one year of marriage. Relying on this provision, OPM denied Torre's request for a survivorship annuity for his wife.
 
 
 4
 The Board affirmed the OPM decision. It stated that "[r]elevant case law clearly establishes that the government cannot be bound by misinformation provided through its employees concerning statutory provisions that govern an individual's eligibility for entitlement programs." Although both Torre and his wife testified that they did not receive any notices about making an election or any forms regarding his remarriage, the Board found that testimony to be "incredible." The Board concluded that "despite the equitable considerations involved, OPM cannot be estopped from enforcing the one-year requirement based on Mr. Cleber's misinformation to the appellant."
 
 II
 
 5
 A. At the time of Torre's marriage, the Civil Service Retirement Act provided that a retiree could elect, by notifying OPM within one year of marriage, to have his retirement annuity reduced to provide a survivor's annuity to a new spouse. 5 U.S.C. Sec. 8339(k)(2) (1982). On November 8, 1984, Congress extended the notification period from one year to two years (the 1984 Amendment). 5 U.S.C. Sec. 8339(k)(2) (Supp. III 1985), Pub.L. No. 98-615, 98 Stat. 3195. The effective date of the 1984 Amendment was May 7, 1985, and Congress specifically provided that the Amendment did not apply to marriages prior to that date. 5 U.S.C. Sec. 8341 (Effective Date of 1984 Amendments, Pub.L. No. 98-615, Sec. 4(a)(1) (Supp. III 1985)). Since Torre was married on March 14, 1985, before the effective date, the extended two-year period did not cover him.
 
 
 6
 The 1984 Amendment also gave people who had retired before the effective date a "second chance" to make an election by giving written notice of an election "within one year after the date of enactment." An individual who had retired before the effective date would have a "second chance" to make the election by written notice of an election made "within one year after the date of enactment." The retiree could make such an election if he (1) failed to notify OPM of his or her post-retirement marriage within one year of the marriage, and (2) could establish that he attempted to elect a survivor benefit but was denied an election because his election was not timely filed. 5 U.S.C. Sec. 8341 (Effective Date of 1984 Amendments, Pub.L. No. 98-615, Sec. 4(c)(2) (Supp. III 1985)). Torre cannot rely on this provision because he did not give a written notice of an election until April 1986, which was not "within one year after the date of enactment [November 8, 1984]" of the 1984 Amendment.
 
 
 7
 B. Although we thus reject Torre's statutory arguments, we agree with him that, in the particular circumstances of this case, the government is estopped from denying his application to provide survivor benefits for his wife.
 
 
 8
 We have held that OPM cannot reject as untimely a late election of a survivor's annuity where an annuitant received erroneous information orally from the agency's personnel counselor, as well as on an OPM approved form. This was so even though the agency later sent a form with correct information. Franz v. OPM, 778 F.2d 783 (Fed.Cir.1985). We stated that "the test must be whether, under the circumstances of a particular case, a reasonable person would have been confused." Id. at 786.
 
 
 9
 There is no doubt that a reasonable person in Torre's situation would have been confused by the erroneous information he received concerning an election of a survivor's annuity. Approximately one month after his marriage, Torre attempted to make the election. The Chief of the Retirement Coordination Office at his former place of employment, an official upon whose advice Torre understandably and justifiably relied, told him that he could not make the election until he had been married a year. At the same time, his wife was able to obtain coverage under his health plan. This would have led a reasonable person to assume obtaining health benefits and electing a survivor's annuity had different time requirements.
 
 
 10
 As soon as Mr. Torre had been married a year, he promptly sought to make the election, as he had been told to do, only to be informed that he was a month too late.
 
 
 11
 The printed notices that OPM stated it sent annually to all annuitants describing the procedure for electing a survivor's annuity were not sufficient to dispel the confusion that the government's dealing with Torre necessarily created.
 
 
 12
 The cases upon which the government relies that denied estoppel against the government are distinguishable. See Schweiker v. Hanson, 450 U.S. 785 (1981) (erroneous information does not invoke estoppel when party had not met application procedure for any Social Security benefits at the time information given); Darsigny v. OPM, 787 F.2d 1555 (Fed.Cir.1986) (no erroneous information given and mere allegation of ignorance of time limits insufficient); LaRochelle v. OPM, 774 F.2d 1079 (Fed.Cir.1985) (state common law marriage insufficient to meet "married for one year" requirement of federal law). None of them involved the situation in the present case, where the applicant for benefits promptly took all necessary action, and would have obtained the benefits he sought had he not relied upon the erroneous information given him by an official whom he had every reason to believe was advising him correctly.
 
 
 13
 The legislative history of the 1984 Amendment further supports our conclusion. One of the primary purposes of the amendment was to protect the rights of, and to provide for, current and former spouses of federal employees. See H.R.Rep. No. 98-1054 at 10, reprinted in 1984 U.S.Code Cong. & Admin.News 5540, 5541. The House Report stated that there are "significant statistics on older women. On average, women have a 50 percent greater chance than men of being poor during retirement. Many factors contribute to the threat of poverty during aging, and one of the factors is inadequate pension protection." Id. at 5542. The House Report further noted that the "problem under current law relates to the election of survivor benefits. Under current law, an employee must elect at the time of retirement to provide a survivor benefit.... Witnesses at the October 20, 1983, hearing stressed the need to strengthen the election process so that both the employee and spouse know precisely what will be gained or lost as a result of the election." Id. at 5543.
 
 
 14
 Although the legislative history does not deal with the situation involved in this case, it does show that the purpose of the 1984 Amendment was to provide for spouses, particularly women, in the event of the other spouse's death or a divorce. It was not intended to deny a survivor's annuity in the appealing and unusual circumstances of this case. See generally H.R.Rep. No. 98-1054, at 5542-47.
 
 CONCLUSION
 
 15
 The decision is reversed and the case is remanded to the Board with instructions to direct OPM to issue the annuity with survivor benefits to Mr. Torre.
 
 COSTS
 
 16
 Costs awarded to the appellant.