928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edwin H. RATHJEN, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3387.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1991.
 
 MSPB
 AFFIRMED.
 Before MARKEY, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB), Docket No. CH083189010176, which upheld a reconsideration decision of the Office of Personnel Management (OPM). The OPM had denied his claim for interest for the agency's delay in making payment of his lump sum civil service retirement benefit. We affirm.
 
 OPINION
 
 2
 Following his retirement on May 3, 1988, Mr. Rathjen elected an alternative annuity with a lump sum payment on May 16, 1988. Under P.L. 100-203 Section 6001, 101 Stat. 1330-275 (Dec. 22, 1987), the lump sum annuity was payable in two installments. The first was due on retirement and amounted to sixty percent of the lump sum amount. The second installment constituted the remaining forty percent of the lump sum payment and was to be paid, with interest as provided by the statute, one year after retirement. Mr. Rathjen did not receive the sixty percent lump sum payment until January 31, 1989, more than eight months after he had applied for it. In correspondence with Mr. Rathjen, the OPM admitted without explanation, that it had "belatedly come across" his alternative annuity election, and stated that it had reissued and reduced his monthly annuity to properly reflect that election. Mr. Rathjen then filed a claim with OPM for interest on the delay in the payment of the sixty percent lump sum. OPM denied the claim, and the MSPB upheld the agency action.
 
 
 3
 Although Mr. Rathjen has advanced several arguments in support of his claim for interest, he has failed to show that there is any law which authorizes the payment of interest by the United States on his claim. In an unbroken line of decisions, the Supreme Court has held that in the absence of specific contract or statutory provisions, no interest runs against the government, even though the government delays in making payments due by it. See Albrecht v. United States, 329 U.S. 599, 605 (1947).
 
 
 4
 Mr. Rathjen's claim that he is entitled to the interest on equitable grounds must also be denied, because the Supreme Court has also held that the courts have no authority to permit the recovery of interest against the United States in instances where the courts feel that it would be just or equitable to do so. See United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 663 (1947).
 
 
 5
 The MSPB correctly held that Mr. Rathjen is not entitled to recovery under the Back Pay Act for two reasons. First, that Act applies only to employees of the Federal Government. His employment status was necessarily terminated when his application for retirement benefits was granted. See Riggs v. Office of Personnel Management, 709 F.2d 1486, 1488 (Fed.Cir.1983). In addition, we have held that the Back Pay Act is merely derivative in application, and that unless some other provision of law commands payment of money to the employee for the "unjustified or unwarranted personnel action," the Back Pay Act is inapplicable. Spagnola v. Stockman, 732 F.2d 908, 912 (Fed.Cir.1984). Mr. Rathjen has failed to point to any other provision of law which supports his claim.
 
 
 6
 Finally, Mr. Rathjen's claim that he is entitled to damages, because his income taxes were increased as a result of the alleged negligence and wrongful conduct by OPM, is barred by the doctrine of sovereign immunity. The Federal Tort Claims Act expressly excludes from its coverage, "[a]ny claim arising in respect of the assessment or collection of any tax...." 28 U.S.C. Sec. 2680(c) (1988). National Commodity & Barter Assn. v. Gibbs, 886 F.2d 1240, 1246 (10th Cir.1989).
 
 
 7
 For all the reasons stated, we find that the MSPB correctly held that it had no authority to award Mr. Rathjen any relief because of the Government's delay in paying the lump sum due him.