5 F.3d 1503
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Evelyn W. JACKMAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3146.
 United States Court of Appeals, Federal Circuit.
 July 13, 1993.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Evelyn W. Jackman appeals the decision of the Merit Systems Protection Board (Board), Docket No. AT-0831-920918-I-1. The Board denied Ms. Jackman receipt of survivor annuity benefits as the widow of William H. Jackman because of his failure to elect a survivor beneficiary. Because substantial evidence supports the Board's decision this court affirms.
 
 OPINION
 
 2
 This court must affirm the Board's decision unless it is arbitrary, capricious, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); True v. Office of Personnel Management, 926 F.2d 1151, 1153 (Fed.Cir.1991); Cheeseman v. Office of Personnel Management, 791 F.2d 136, 140 (Fed.Cir.1986), cert. denied, 470 U.S. 1037 (1987). Ms. Jackman asserts that the Board erroneously denied her survivor annuity benefits. Ms. Jackman alleges that her husband was mentally incompetent and lacked the mental capacity to elect survivor annuity benefits.
 
 
 3
 On December 4, 1992 the Board upheld the Office of Personnel Management's (OPM) decision denying petitioner's claim because Mr. Jackman did not meet the statutory requirements for receipt of survivor annuity benefits. See Riggs v. Office of Personnel Management, 709 F.2d 1486, 1488 (Fed.Cir.1983) (federal employee failed to meet statutory requirement to entitlement, therefore was not entitled to annuity). The Supreme Court has stated that it is "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." Schweiker v. Hansen, 450 U.S. 785, 788 (1981) (quoting Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385) (1947)).
 
 
 4
 Petitioner is the surviving spouse of the deceased, William H. Jackman. Mr. Jackman retired from Federal service on May 17, 1969. At that time he was married to Joanne Jackman. Mr. Jackman elected a survivor annuity for Joanne; however, on November 15, 1977 they were divorced. Later, on April 21, 1979 petitioner and Mr. Jackman married.
 
 
 5
 Under the law in effect at the time of his second marriage, Mr. Jackman had to make a written election to provide his new spouse with annuity benefits within one year of remarriage. 5 U.S.C. Sec. 8399(j)(1). Therefore, Mr. Jackman's election was due no later than April 21, 1980. During the summer of 1981, Mr. Jackman inquired about election of a survivor annuity for his new wife. In a letter dated September 30, 1981, OPM advised Mr. Jackman that he was ineligible to make the election because the one year deadline had passed.
 
 
 6
 The "second chance" provision of the Civil Service Retirement Spouse Equity Act of 1984 (Spouse Equity Act), Pub.L. No. 98-615, Sec. 4(c), 98 Stat. 3195, 3206-07, affords individuals such as Mr. Jackman another opportunity to submit an election of survivor annuity benefits. To qualify for a "second chance," a retiree had to elect his new spouse, in writing, within one year after enactment of the Spouse Equity Act. Darsigny v. Office of Personnel Management, 787 F.2d 1555 (Fed.Cir.1986). Again, Mr. Jackman did not make an election.
 
 
 7
 Both parties agree that Mr. Jackman did not elect a beneficiary under the Spouse Equity Act. Petitioner claims that Mr. Jackman was suffering from post-traumatic stress disease (PTSD) and therefore did not have the capacity to make such an election. The Board determined that it lacked the authority to waive the Spouse Equity Act's requirements even if petitioner could have shown that Mr. Jackman was mentally incompetent. The "second chance" provision neither grants to OPM the discretionary authority to waive nor to extend election periods due to annuitant incompetence. Nones v. Office of Personnel Management, 47 M.S.P.R. 481, 485 (1991), aff'd 954 F.2d 734 (Fed.Cir.1992). Because Mr. Jackman did not elect a beneficiary, the petitioner has no valid claim to survivor benefits. Darsigny, 787 F.2d at 1559. Accordingly, this court affirms the Board's decision.