43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donna J. AUSTIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3521.
 United States Court of Appeals, Federal Circuit.
 Dec. 13, 1994.
 
 Before RICH, MICHEL, and PLAGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Donna J. Austin (petitioner) seeks review of the March 26, 1994 Initial Decision of the Merit System Protection Board's (Board) Administrative Judge (AJ), Docket No. PH-0831-94-0254-I-1, affirming the Office of Personnel Management's (OPM) February 4, 1994 reconsideration decision denying her application for survivor annuity benefits. The AJ's decision became the final decision of the Board on June 30, 1994. We affirm.
 
 DISCUSSION
 
 2
 Petitioner and Mr. Shannon Austin, a retired Federal employee, were married on July 20, 1990. At the time of their marriage, Mr. Austin was receiving a single-rate annuity without deduction for a survivor, following his previous spouse's death in 1979. Mr. Austin requested a survivor annuity for petitioner on December 29, 1992, some 2 years and 5 months after their marriage.
 
 
 3
 The pertinent statutory provision sets forth that "Upon remarriage, a retired employee ... who was married at the time of retirement ... may irrevocably elect during such marriage, in a signed writing received by the Office [of Personnel Management] within 2 years after such remarriage, ... a reduction in the employee['s] ... annuity for the purpose of providing an annuity for such employee['s] ... spouse ..." 5 U.S.C. Sec. 8339(j)(5)(C)(i).
 
 
 4
 Based on the two year requirement set forth in Sec. 8339(j)(5)(C)(i), OPM denied Mr. Austin's request for a survivor annuity for petitioner. After Mr. Austin's death, in October 1993, petitioner applied to OPM for survivor benefits. Petitioner received a lump sum benefit, but was denied a survivor annuity because her husband had not requested a survivor annuity for her within the two year time period. Petitioner appealed OPM's decision to the Board, which affirmed, holding that Mr. Austin's request for a survivor annuity for petitioner was "clearly beyond the two-year statutory time limit" and that there is no provision in the statute for a waiver of the two year limit. Petitioner then appealed to this court.
 
 
 5
 Our review of Board decisions is defined and limited by statute. We will affirm the Board's decision unless it is:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 10
 It is not disputed that the request for survivor benefits for petitioner was made outside of the statutorily mandated time period. Additionally, the Board correctly held that the statutory time limit cannot be waived. See LaRochelle v. Office of Personnel Management, 774 F.2d 1079, 1081 (Fed.Cir.1985). Accordingly, the decision of the Board must be affirmed.