**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STEVEN C. COLLINS, II,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0841-14-0346-I-1 |
| 　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: August 14, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven C. Collins, II</u>, Spring Valley, California, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision finding that the December 12, 2012 effective date of his retirement annuity was correct under the Federal Employees' Retirement System (FERS). Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The record reflects that the appellant submitted a completed disability retirement application to OPM on February 9, 2012. Initial Appeal File (IAF), Tab 4 at 11. The appellant had been off work from his position with the Social Security Administration (SSA) since June 8, 2011, due to complications from certain medical conditions. Hearing Compact Diskette (HCD); IAF, Tab 4 at 19. Due to the delay in OPM's processing of the appellant's disability retirement application, the SSA Human Resource Specialist made multiple attempts to contact OPM to no avail. HCD (Sanchez testimony). Because the appellant had been in leave without pay (LWOP) status for a year without any decision by OPM on his disability retirement application, he was in danger of losing his medical coverage. As a result, SSA and the appellant's physician allowed the appellant, either as an accommodation or through the Family and Medical Leave Act of 1993, to return to duty on June 18, 2012, in a modified work schedule so that he could provide for his family, maintain his health insurance, and begin to repay the health insurance premium debt he had accrued during the year of LWOP. HCD

(testimony of Garrett, Sanchez, and Collins). The appellant continued to work as he could in a modified work schedule, until his application for disability retirement was approved. *See id.* OPM was notified by email that the appellant was on LWOP from June 11, 2011—June 11, 2012, and because he "needed to be at work to continue his health benefits and provide for his family," his last day in a pay status was December 5, 2012. HCD (Sanchez testimony). The appellant's official Individual Retirement Record certified that his last day in pay status was December 11, 2012. IAF, Tab 4 at 11.

¶3      On appeal, the appellant argued that he should receive disability retirement annuities for the period of time he was unable to work a full eight hour day while he waited for OPM to make a decision on his disability retirement application. IAF, Tab 1. Specifically, the appellant asserted that the effective date of his disability retirement should have taken into consideration the period of time he was on LWOP from June 11, 2011, to June 11, 2012, and the modified work schedule of no more than 5 hours a day that he worked from June 12, 2012, until his last day in a pay status on December 5, 2012, in order to retain his medical insurance. IAF, Tab 1.

¶4      Affirming OPM's reconsideration decision, the administrative judge found that the date a FERS annuity commences is not driven by the date an application for disability retirement is filed, or the first day that an employee began to miss days from work because of a disabling condition. Initial Decision (ID) at 6. Rather, the administrative judge found that under 5 U.S.C. § 8464(a)(1)(C) a disability retirement annuity "commences the day after separation from the service or the day after pay ceases and the requirements for title to an annuity are met." ID at 6. The administrative judge found further that, because the appellant's date of separation and last day in a pay status was December 11, 2012, OPM correctly determined that December 12, 2012, is the statutory date for the commencement of the appellant's annuity. ID at 6. The administrative judge

noted that the Board is provided no basis upon which to grant equitable relief concerning the commencement date for the appellant's annuity.  ID at 7.

¶5        On review, the appellant challenges the initial decision and he argues that he should not be held responsible for OPM's delay in granting his disability retirement application.  Petition for Review (PFR), Tab 1.  Specifically, the appellant argues that he became disabled on June 11, 2011, rather than on December 11, 2012.  To support his claim that he became disabled in June 2011, the appellant has submitted a letter from his doctor who was unable to testify at the hearing. *Id*.

¶6        We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence, however, the applicable law and the record evidence support the administrative judge's findings that  OPM correctly determined December 12, 2012, as the commencement date for the appellant's disability retirement under 5 U.S.C. § 8464(a)(1)(C).  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (finding no reason to disturb findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7        Under 5 C.F.R. § 1201.56(a)(2), an employee bears the burden of persuasion by a preponderance of the evidence in an appeal from OPM's decision on a voluntary disability retirement application. *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 417 (1981).  When a retirement applicant is employed, OPM may allow the annuity only after the employee's separation. *See Riggs v. Office of Personnel Management*, 709 F.2d 1486, 1487 (Fed. Cir. 1983) (disability retirement applicant who was on active duty qualified by separating from the service "as the statute requires"); *Young v. Office of Personnel Management*, 99 M.S.P.R. 563, ¶ 9 (2005).  Specifically, 5 U.S.C.

§ 8464(a)(1)(C) and 5 C.F.R. § 844.301, explicitly provide that a disability retirement annuity commences on the day after the employee is separated from service or the day after his pay ceases and he meets the requirement for an annuity. *See Widmer v. Office of Personnel Management*, 103 M.S.P.R. 363, ¶ 10 (2006); *Young*, 99 M.S.P.R. ¶ 10.  In this case, the documentation submitted by OPM shows that the appellant's last day in a pay status was December 11, 2012. Thus, as the administrative judge correctly found, the statute dictates that December 12, 2012, is the correct date for the commencement of the appellant's disability retirement annuity.

¶8      To the extent that the appellant has submitted a written statement from his physician for a first time on review, the Board need not consider it because the appellant has made no showing that it was unavailable prior to the close of the record below.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Moreover, even if we were to consider his physician's statement, it does not change the fact that the appellant's last day in a pay status was December 11, 2012.  The Board is afforded no basis to grant equitable relief concerning the statutory commencement date for an annuity.  *See Devlin v. Office of Personnel Management*, 120 M.S.P.R. 78, ¶ 9 (2013).  Accordingly, while the appellant does not agree with the administrative judge's findings and determinations, he has provided no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit SystemsProtection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
 William D. Spencer
 Clerk of the Board

Washington, D.C.