NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRENDA JOHNSON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-2005

---

Petition for review of the Merit Systems Protection Board in No. SF-0831E-15-0377-I-1.

---

Decided: November 3, 2016

---

BRENDA JOHNSON, San Diego, CA, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before MOORE, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Brenda Johnson appeals the Final Order of the Merit Systems Protection Board ("MSPB"), which denied Ms. Johnson's petition for review of an administrative judge's Initial Decision denying as untimely her application for disability retirement annuity and affirmed the Office of Personnel Management's ("OPM") reconsideration decision. *See Johnson v. Office of Pers. Mgmt.*, No. SF-831E-15-0377-I-1, 2016 WL 910505 (M.S.P.B. Mar. 9, 2016). We affirm.

BACKGROUND

Between 1973 and 1990, Ms. Johnson was employed by several Federal Government agencies. Resp't's App. 30–34. On May 5, 1990, Ms. Johnson resigned from her last federal position, *id.* at 30, and subsequently withdrew the retirement contributions she made during her employment, *id.* at 35–36.

In July 2014, Ms. Johnson submitted a Statement of Disability to OPM seeking disability retirement annuity because of a right wrist injury that allegedly occurred in 1984 as a result of her job duties with the Government. *Id.* at 37–51. The OPM responded by letter, stating that Ms. Johnson's application did not include the required Standard Form 2801 ("SF-2801"), Application for Immediate Retirement. *Id.* at 52. In August 2014, Ms. Johnson submitted the SF-2801 to complete her application. *Id.* at 53–58.

In December 2014, the OPM informed Ms. Johnson that "[t]he law requires that applications for disability retirement [annuity] be filed with OPM either prior to separation from the service or within one year thereafter," unless the "former employee was mentally incompetent at the time of separation or became incompetent within one year thereafter." *Id.* at 59. Because "[r]eview of the record show[ed] that [Ms. Johnson] separated from the [f]ederal service on May 5, 1990" and "the application . . . was not filed with OPM until July 15, 2014," the

OPM informed Ms. Johnson that her application would be dismissed absent additional evidence that waiver was appropriate. *Id.*; *see id.* at 61–62 (dismissing Ms. Johnson's application). Ms. Johnson timely filed a reconsideration request, appending a physician's consultation report and other documentation regarding her wrist injury, *id.* at 65–77, but the OPM denied Ms. Johnson's reconsideration request on the same grounds, *id.* at 81–83.

Ms. Johnson appealed the OPM's denial of her application to the MSPB. *Id.* at 86. In its Initial Decision, the Administrative Judge affirmed the OPM's denial of Ms. Johnson's reconsideration request on all grounds. *Id.* at 22–23. Ms. Johnson filed a petition for review of the Initial Decision. *Johnson*, 2016 WL 910505 at ¶ 1. In its Final Order, the MSPB denied Ms. Johnson's petition, holding that she "ha[d] not established any basis . . . for granting the petition for review," and affirmed the Administrative Judge's Initial Decision. *Id.*

Ms. Johnson appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review and Filing Requirements

We set aside the MSPB's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c) (2012). We review the MSPB's legal conclusions de novo. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008).

An application for disability retirement annuity must be filed with the OPM "before [an] employee . . . is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b). That time limitation may be waived if, "at the date of separation from service or within 1 year

thereafter," the applicant was "mentally incompetent," and "the application is filed with the [OPM] within [one] year from the date of restoration of . . . competency." *Id.*

## II. Ms. Johnson's Application Was Untimely

The sole issue before the court is whether the OPM properly rejected Ms. Johnson's application as untimely, a conclusion that the MSPB affirmed. We agree that Ms. Johnson's application was untimely.

The record demonstrates, and the parties do not contest, that Ms. Johnson separated from federal service on May 5, 1990. Resp't's App. 30. As a result, the statutory deadline for filing occurred on May 5, 1991. And because the facts are not in dispute, we must assess whether the MSPB properly applied the law to these undisputed facts.

The MSPB properly concluded that the time limit in § 8337(b) barred Ms. Johnson's application as untimely. Ms. Johnson filed her application in 2014, i.e., 23 years after the statutory filing deadline mandated by § 8337(b). As to waiver, the MSPB held that the evidence submitted by Ms. Johnson said nothing about her mental status at the time she ended her federal service, *Johnson*, 2016 WL 910505 at ¶¶ 10−15, and nothing in the record warrants a different conclusion.[1] Thus, based on the record before it, the statute required the OPM to reject Ms. Johnson's application as untimely, and the MSPB properly affirmed the OPM's decision to do so.

---

[1]    At various points in her informal brief, Ms. Johnson appears to raise her mental status anew. *See* Pet'r's Br. 3, 11, 18–19. However, she does not substantiate these assertions with evidence, and unsubstantiated assertions do not equal evidence. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009) ("[S]peculation does not constitute substantial evidence." (internal citations and quotation omitted)).

Finally, Ms. Johnson alleges violations of the Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101–8193, unspecified medical guidelines requiring that the patient reach maximum medical improvement ("MMI") before a disability determination is reached, and violations of the Civil Code of California, *see* Pet'r's Br. 10; *Johnson v. Office of Pers. Mgmt.*, No. 2016-2005, Docket No. 28 at 2–3 (Fed. Cir. Aug. 3, 2016); *id.*, Docket No. 29 at 2–3 (Fed. Cir. Aug. 3, 2016). These arguments are meritless. First, the FECA precludes judicial review of decisions made by the Secretary of Labor pursuant to that statutory scheme. *See* 5 U.S.C. § 8128(b)(2) (stating that the Secretary's actions under this subchapter are "not subject to review by . . . a court"). Second, the requirements of unspecified medical guidelines do not supersede the filing requirements in § 8337(b), and even if they did, Ms. Johnson's 2014 application still was filed more than one year after she reached MMI in 2006. Pet'r's App. 4. Finally, California law is inapplicable because federal law (i.e., § 8337(b)) is determinative of Ms. Johnson's appeal. *See LaRochelle v. Office of Pers. Mgmt.*, 774 F.2d 1079, 1080 (Fed. Cir. 1985) ("OPM will consult state law where federal law is not determinative . . . .").

CONCLUSION

We have considered Ms. Johnson's remaining arguments and find them unpersuasive. For these reasons, the Merit Systems Protection Board's Final Order is

**AFFIRMED**

COSTS

No costs.